**Samantha PIZZI et al., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**· No. 43995.**

Court of Criminal Appeals of Texas.

June 9, 1971.

Rehearing Denied July 28, 1971.

Levin, Weinberg & Levin by Stanley I. Weinberg, Dallas, for appellant.

Henry Wade, Dist. Atty., James B. Scott, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal in a bond forfeiture proceeding.

Samantha Pizzi was charged by information with soliciting a customer in a lounge which held a beer and wine retailer's permit where she was employed to buy her a drink of alcoholic liquor as denounced by Article 667–19B(e), Vernon's Ann.P.C. She made bond in the sum of $200 with Stanley J. Weinberg as surety.

When the case was called for trial on the 14th day of September, 1970, the principal, Samantha Pizzi, did not appear and a judgment nisi was entered. Citation under Article 22.04, Vernon's Ann.C.C.P., was served. After a hearing, final judgment was entered. The principal, Samantha Pizzi, did not appeal.

The sole contention of appellant is that the information against the principal was insufficient because it failed to allege that the principal solicited a drink of alcoholic liquor "For *Consumption.*"

Article 22.13, V.A.C.C.P., provides for the causes that will exonerate a defendant and his sureties from liability. It does not provide that an insufficient indictment or

information will exonerate a principal or surety from liability.

The applicable rule is found in 8 Tex. Jur.2d, Bail and Recognizance, Section 101, page 226, and is as follows:

"The parties to a bond * * * will not be permitted, as a rule, to urge the insufficiency of the indictment or information to defeat their liability, without producing the body of their principal. The obligation is conditioned for the appearance of the principal, and his failure to appear precludes them from questioning the accusatory pleading."

See the authorities there cited.

No error has been shown. The judgment is affirmed.

## OPINION

## ON APPELLANT'S MOTION FOR REHEARING

ROBERTS, Judge.

Appellant complains that the Court in the original opinion overlooked and overruled, sub silento, the holdings in Mayberry et al. v. State, 168 Tex.Cr.R. 537, 330 S.W.2d 203 and in Dunn et al. v. State, 121 Tex.Cr.R. 30, 53 S.W.2d 307.

In Mayberry v. State, supra, the information alleged on its face that the defendant committed the offense of driving while his license was suspended on March 3, 1959, due to an order suspending his operator's license on May 28, 1959. In that case it affirmatively appeared from the information that the alleged date of the suspension of the defendant's operator's license did not occur before March 3, 1959. Hence, the information did not charge an offense and was void.

In the Dunn case, supra, which is cited in Mayberry, supra, the indictment was quashed after a forfeiture of the bond therein and the court upheld the forfeiture of bond in that case. Dunn, supra, also cites Harrell, alias Pryor v. State, 22 Tex. App. 692, 3 S.W. 479 and Brown et al. v. State, 6 Tex.App. 188. In Brown, this Court said, "* * * Sureties in a bail bond or recognizance cannot inquire into the sufficiency of an indictment. But unless there was, in fact, an indictment returned into court, the State has no right, in the first place, to require a bond." In the Harrell case, supra, there was a void indictment, for the grand jury was composed of more than 12 men.

Again in Dunn, supra, this Court cited Bell v. State, 79 Tex.Cr.R. 407, 186 S.W. 328 in the following language, "* * * in order that we may be understood and that there may be no conclusion reached that said case goes beyond, or is out of line with, the uniform holdings of this court to the effect that a mere defect in an indictment affords no defense against a forfeited bond, attention is called to the fact that the point in the Bell Case was, like the others herein cited, that the indictment showed on its face to have been returned by a grand jury of a county other than the one in which in fact it was returned, and that hence such purported indictment was a nullity."

Thus, in Mayberry, supra, the information was held to be void on its face and all of the cases cited in Dunn, supra, held that such indictments were nullities.

We reaffirm "* * * that a mere defect in an indictment affords no defense against a forfeited bond * * *" and further hold that the information herein is not void on its face.

For the reason stated herein, the motion for rehearing is denied.

ODOM, J., not participating.