Henry Charles HINES, Appellant,

v.

The STATE of Texas, Appellee.

No. 68742.

Court of Criminal Appeals of Texas, En Banc.

July 20, 1983.

Gerald A. Woolf, Houston (court-appointed), for appellant.

John B. Holmes, Jr., Dist. Atty., Larry Q. Urquhart and Russell Turbeville, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of aggravated rape; the punishment is imprisonment for 60 years.

The appellant complains of the court's charge, but he does not focus on the error of the omission of an essential element of the offense which renders the charge fundamentally defective.

The court charged the jury in applying the law to the facts:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 3rd day of October, 1978, in Harris County, Texas, the defendant, HENRY CHARLES HINES, did then and there unlawfully, intentionally and knowingly, and without the consent of S_____ F_____, a female, and that S_____ F_____ was not then and there the wife of the said defendant, and that the defendant used force on S_____ F_____ on the occasion in question and that it was such force as to overcome such earnest resistance as might reasonably be expected under the circumstances at the time, and that the defendant used threats to S_____ F_____ and that they were threats as would prevent resistance by a woman of ordinary resolution, and that the defendant, in the course of the same criminal episode compelled submission to the rape by threat of death or serious bodily injury to be imminently inflicted on her, then you will find

the defendant guilty as charged in the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant.

\* \* \* \* \* \*

Now, if you find from the evidence beyond a reasonable doubt that in Harris County, Texas, on or about the 3rd day of October, 1978, HENRY CHARLES HINES, did unlawfully, intentionally and knowingly by force and by threatening the imminent infliction of serious bodily injury and death to S———— F————, a female not his wife and hereafter styled the Complainant, without the consent of the Complainant, and that the defendant, HENRY CHARLES HINES, did then and there, with intent to promote or assist the commission of said offense, aid and assist in the commission of said offense, then you will find the defendant, HENRY CHARLES HINES, guilty of aggravated rape as charged in the indictment.

Unless you so find beyond a reasonable doubt thereof, you will acquit the defendant."

Even though defense counsel said there was no objection to the charge, the State objected to the charge before it was submitted to the jury. The State requested that the court delete and omit from the charge the quoted paragraphs and requested the substitution of a charge which included the essential element omitted in the charge submitted. The court refused the State's request.

It will be noted that, to find the appellant guilty of aggravated rape, in the quoted paragraphs of the charge submitted to the jury, the jury was not required to find the appellant or the person for whose conduct he was criminally responsible had "sexual intercourse" with the victim. An essential element of the offense was omitted from the charge.

When a charge totally fails to apply the law of the offense to the facts, it has been held to be fundamental error that requires reversal of the judgment because the defendant has been denied a fair trial. *Harris v. State,* 522 S.W.2d 199 (Tex.Cr.App.1975); *Perez v. State,* 537 S.W.2d 455 (Tex.Cr.App. 1976); *Williams v. State,* 622 S.W.2d 578 (Tex.Cr.App.1981); *Williams v. State,* 547 S.W.2d 18 (Tex.Cr.App.1977); *Ex parte Clark,* 597 S.W.2d 760 (Tex.Cr.App.1980).

Here there was an undertaking to apply the law to the facts, but in so doing the jury was affirmatively misled when the most essential element of the offense was left out. It authorized a conviction in circumstances which would not constitute an offense. This was fundamental error. *Doyle v. State,* 631 S.W.2d 732 (Tex.Cr.App. 1982); *Ford v. State,* 615 S.W.2d 727 (Tex. Cr.App.1981); *North v. State,* 598 S.W.2d 634 (Tex.Cr.App.1980); *Banks v. State,* 586 S.W.2d 518 (Tex.Cr.App.1979); *Jackson v. State,* 576 S.W.2d 88 (Tex.Cr.App.1979); *Thompson v. State,* 574 S.W.2d 103 (Tex.Cr. App.1978); *West v. State,* 572 S.W.2d 712 (Tex.Cr.App.1978); *West v. State,* 567 S.W.2d 515 (Tex.Cr.App.1978); *Moore v. State,* 84 Tex.Cr.R. 256, 206 S.W. 683 (1918).

The judgment is reversed and the cause remanded to the trial court.

Opinion approved by the Court.

MILLER and CAMPBELL, JJ., not participating.