Donald B. YARBROUGH, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–83–156–CR.

Court of Appeals of Texas,
Austin.

June 20, 1984.

Rehearing Denied Sept. 19, 1984.

589

David L. Botsford, Frank Maloney & Associates, P.C., Charles R. Burton, Austin, for appellant.

Ronald Earle, Dist. Atty., Philip A. Nelson, Jr., First Asst. Dist. Atty., Austin, for appellee.

Before PHILLIPS, C.J., and POWERS and BRADY, JJ.

Brady, Justice.

The trial court found appellant guilty of failing to appear in accordance with the

terms of his release and assessed punishment at imprisonment for seven years. Tex.Pen.Code Ann. § 38.11 (1974). Finding appellant's two grounds of error to be without merit, we affirm the judgment of conviction.

In January, 1978, appellant was convicted of aggravated perjury in Travis County cause no. 53,180. Appellant gave notice of appeal and was allowed to remain at large pursuant to his personal bond. In this bond, appellant swore that he would "appear before any court or magistrate before whom this cause may hereinafter be pending at any time and place as may be required," and that he would make his "personal appearance in any and all subsequent proceedings that may be had relative to said charge in the course of the criminal action based on said charge." *See* Tex. Code Cr.P.Ann. arts. 17.08(5) and 17.09 § 1 (1977).

Appellant's perjury conviction was affirmed by the Court of Criminal Appeals, *Yarbrough v. State,* 617 S.W.2d 221 (Tex. Cr.App.1981), and the mandate of that court was issued on June 26, 1981. On June 30, 1981, pursuant to Tex.Code Cr.P. Ann. art. 44.05 (Supp.1984),[1] the district clerk issued a capias for appellant's arrest. On that same date, the judge of the district court in which appellant had been convicted entered an order setting the cause for "sentence after mandate" on July 23, 1981. A copy of this order was sent to appellant at the address shown on his appearance bond and to his attorneys of record. Appellant did not appear on July 23, and the cause was reset for August 11, 1981. Appellant again failed to appear and the bond was subsequently forfeited.

On July 18, 1983, appellant was indicted in the instant cause. The indictment alleges that on or about August 11, 1981, appellant:

> after being lawfully released from custody with bail, to-wit: a personal bond, on condition that he subsequently appear in Court, said personal bond being to the tenor following:

1. The amendment of this article after June, 1981, is not material to the present discussion.

[bond set out in haec verba]

he, the said Donald B. Yarbrough, did intentionally and knowingly fail to appear in accordance with the terms of his release, which required that he, the said Donald B. Yarbrough, make his personal appearance before the 147th Judicial District Court of Travis County, Texas, and there remain from day to day and from term to term of said Court until discharged by due course of law, in that, specifically, he, the said Donald B. Yarbrough, did fail to appear in the 147th Judicial District Court of Travis County, Texas, in Cause Number 53,180 on the docket of said Court, and the offense for which the said Donald B. Yarbrough's appearance was required, to-wit: Aggravated Perjury, was classified as a felony.

On July 28, 1983, after his motion to dismiss the indictment was overruled, appellant entered a plea of guilty and this appeal followed. *See* Tex.Code Cr.P.Ann. art. 44.-02 (1979).

In two grounds of error, appellant contends the trial court erred by overruling his motion to dismiss the indictment. This contention is premised on appellant's assertion that he was under no obligation to appear on August 11, 1981, as ordered by the trial court, and did not violate § 38.11, *supra*, by failing to do so.

In his second ground of error, appellant contends the trial court omitted an essential element of the offense of perjury when it applied the law to the facts in the charge to the jury in cause no. 53,180. Specifically, appellant contends the trial court failed to require the jury to find that the false statement was made under oath. Appellant argues that this defect in the charge rendered his perjury conviction void. From this, appellant reasons that the mandate of the Court of Criminal Appeals affirming the conviction was also void, depriving the trial court of jurisdiction to order him to appear.

 Even if the charge were indeed defective as appellant contends, he cannot collaterally attack the validity of his perjury conviction on this basis. An error of this sort in the application paragraph does not constitute a violation of due process and may not be the basis for a collateral attack on the conviction. *Ex parte Coleman*, 599 S.W.2d 305 (Tex.Cr.App.1978). Moreover, even if appellant were in a position to collaterally attack his perjury conviction because of the purported error in the charge, this error did not excuse him from his obligation to appear when ordered to do so by the trial court after the conviction was affirmed.

In *Pizzi v. State*, 469 S.W.2d 576 (Tex.Cr. App.1971) the principal and surety sought to set aside a bond forfeiture ordered after the principal failed to appear for trial. It was contended that the principal was exonerated from her liability under the bond because an element of the offense had been omitted from the information. The court rejected this argument, saying:

> The applicable rule is found in 8 Tex. Jur.2d, Bail and Recognizance, Section 101, page 266, and is as follows:
>
> > The parties to a bond ... will not be permitted, as a rule, to urge the insufficiency of the indictment or information to defeat their liability, without producing the body of their principal. The obligation is conditioned for the appearance of the principal, and his failure to appear precludes them from questioning the accusatory pleading.
>
> See the authorities there cited.

*Id.* at 577. On motion for rehearing, the court reaffirmed its original decision, stating that a defect in the charging instrument affords no defense against a forfeited bond.

If the omission of an element of the offense from the charging instrument, an error that has been repeatedly characterized as "fundamental" and "jurisdictional," does not excuse the principal from his obligation under his bond to appear for trial, there is no reason why a defect in the charge should excuse him from his obligation to appear after his conviction is affirmed. *See also* Tex.Code Cr.P.Ann. art. 22.13 (1966). No citation to relevant au-

thority is offered by appellant in support of the contrary position. The second ground of error is overruled.

In appellant's first ground of error, he contends that he was relieved of any obligation under his bond after the mandate of the Court of Criminal Appeals and capias of the district clerk had issued. He further contends that because there is no procedure by which a defendant may be sentenced or resentenced after his conviction has been affirmed on appeal, the trial court's order for appellant to appear for "sentence after mandate" was not a subsequent proceeding relative to the charge within the meaning of the bond and art. 17.09, *supra.* Appellant's contentions are contrary to both statutory and case law.

■ With an exception not here relevant, the jurisdiction of the trial court in cause no. 53,180 was *suspended until* the mandate of the Court of Criminal Appeals was received. Tex.Code Cr.P.Ann. art. 44.11 (Supp.1984).[2] But when the mandate was received, the district court acquired jurisdiction of the cause to see that the judgment of the Court of Criminal Appeals was carried out. *State ex rel. Vance v. Hatten,* 508 S.W.2d 625 (Tex.Cr.App.1974). Moreover, appellant's obligation under the bond was not terminated by the issuance of the capias, but continued until he was placed in the custody of the sheriff. Tex.Code Cr.P. Ann. art. 44.04(f) (Supp.1984).[3] Therefore, appellant is incorrect in arguing that the jurisdiction of the trial court and appellant's obligation under the bond were terminated by the issuance of the mandate and capias.

The question remains whether the trial court's order for appellant to appear for "sentence after mandate" was within the scope of its jurisdiction. An answer to this question must begin with a discussion of the decision in *Surety Corp. of America v. State,* 550 S.W.2d 689 (Tex.Cr.App.1977).

Following his conviction for aggravated robbery, imposition of sentence against the

defendant-principal in *Surety Corp.* was suspended and he was placed on probation for ten years. Notice of appeal was given, and the Court of Criminal Appeals' mandate of affirmance was issued on May 28, 1976. Thereafter, the trial court set the cause for "resentencing" on June 14, 1976, and reset it for June 21, 1976. When the defendant failed to appear, his bond was forfeited.

On appeal from the bond forfeiture, the court pointed out that the defendant's probation commenced when the mandate of affirmance was issued, citing *McConathy v. State,* 544 S.W.2d 666 (Tex.Cr.App.1976). In addition, because there is no formal sentencing when probation is granted, the trial court was not authorized to hold a hearing for "resentencing" after the mandate was issued. The court concluded that the surety's liability to ensure the principal's appearance at a subsequent proceeding was discharged upon the issuance of the mandate of the Court of Criminal Appeals, because his probation had commenced and there could be no subsequent proceedings had relative to the charge.

■ *Surety Corp.* is distinguishable from the instant cause in that imposition of appellant's sentence of imprisonment in the perjury cause was not suspended, and he was not placed on probation. Because his imprisonment could not commence until he was placed in the custody of the sheriff, his obligation under the bond was not automatically terminated by the issuance of the mandate of affirmance. *See also* art. 44.- 04(f), *supra.* For the same reason, the trial court's jurisdiction to see that the judgment of the Court of Criminal Appeals was carried out, *State ex rel. Vance v. Hatten, supra,* was not terminated by the issuance of the mandate.

■ Therefore, we hold that the trial court, in the exercise of its responsibility to see that the judgment of the Court of Criminal Appeals was carried out, had the authority to order appellant to appear before

---

2. See footnote 1, *supra.*

3. See footnote 1, *supra.*

it following the issuance of the mandate affirming appellant's conviction for perjury. Although this order inartfully stated that the purpose of the hearing was "sentence after mandate," the proper construction of this phrase is "commencement of sentence after mandate." In the absence of any evidence to the contrary, we are unwilling to read into the trial court's order to appear any purpose other than a legitimate effort to see that the judgment of the Court of Criminal Appeals was carried out.

The judgment of conviction is affirmed.

PHILLIPS, Chief Justice, dissenting.

I respectfully dissent. In my opinion appellant's conviction is subject to reversal on either of two grounds.

In his first ground of error appellant contends that the trial court had no authority to order him to appear for "sentence after mandate." I agree.

Appellant had already been sentenced pursuant to Tex.Code Cr.P.Ann. art. 42.02. No second sentencing is authorized by law. In fact, a second sentencing is contrary to the structure of the Code of Criminal Procedure. The criminal appellate timetable, at least in some instances, is tied to sentencing. See Tex.Code Cr.P.Ann. art. 44.-08(b). If a second sentencing is proper then apparently a defendant would be entitled to a new appeal following the second sentencing; this result is contrary to the criminal appellate structure.

The language contained in an appeal bond apprises a defendant of his obligation to the trial court and sets forth the terms and conditions of the defendant's release. *Euziere v. State*, 648 S.W.2d 700 (Tex.Cr. App.1983). In his bond appellant promised to appear "as called." However, implicit in this obligation is an understanding that a defendant must appear "as called for a valid purpose."

I think that a defendant may not avoid a conviction for failure to appear if no reason is advanced for "the call." However, where a defendant is ordered to appear and an improper purpose is advanced, the defendant is not obligated to appear.

This problem would have been avoided if appellant had been required to enter an appeal bond; instead, he was apparently allowed to remain free on personal bond, since a personal bond was the basis of the indictment. The difference is that in the usual appeal bond, unlike appellant's personal bond, the defendant swears that he will appear before the court within a certain number of days after the Court of Criminal Appeals has finally passed on his appeal. *Compare* 7 Morrison & Blackwell, Willson's Texas Criminal Forms § 42.01 (1977) (personal bond) *with id.* § 42.17 (1977 & Supp.1984) (appeal bond).

It is possible, I suppose, to speculate that the trial judge, by the language he used, did not intend to resentence appellant. However, at the hearing on appellant's motion to dismiss the State stipulated that the purpose of the hearing at which appellant failed to appear was "resentence under the mandate." Therefore, it would be improper for this Court to search for a different purpose.

In his second ground of error appellant contends that appellant's aggravated perjury conviction (cause no. 53,180) was void due to error in the application paragraph of the trial court's aggravated perjury charge. He further reasons that since the original conviction was and is void, that the mandate issued by the Court of Criminal Appeals was void and therefore that the trial court did not have jurisdiction to order appellant to appear on August 11, 1981 for resentencing under the void mandate.

Appellant asserts that the aggravated perjury charge was defective and that the conviction was therefore void and subject to collateral attack based upon the following: in the portion of the charge applying the law to the facts, the jury was not required to find that the alleged false statement was made "under oath." The portion of the charge defining aggravated perjury in the abstract included the requirement that the statement be made "under oath," as did the indictment.

This ground of error constitutes a collateral attack upon the aggravated perjury conviction. This distinction must be made, because there are instances where error has been held to be fundamental (mandating reversal on direct appeal even without objection in the trial court and/or ground of error in the appellate court) but yet not subject to collateral attack. *Ex parte Coleman*, 599 S.W.2d 305 (Tex.Cr.App. 1978). A conviction is subject to collateral attack based upon error in the jury instructions only if the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process. *Id.* Appellant's complaint must be reviewed with this test in mind.

The elements of aggravated perjury, as defined in the Penal Code, are as follows: (1) a person, (2) with intent to deceive, (3) with knowledge of the statement's meaning, (4) makes a material false statement under oath, (5) when the law authorized or required the statement to be made under oath, (6) during or in connection with an official proceeding. *Ex parte Burkett*, 577 S.W.2d 265 (Tex.Cr.App.1979).

The aggravated perjury charge provided, in relevant part, as follows:

## I.

A person commits the offense of perjury if, with intent to deceive and with knowledge of the statement's meaning, he makes a false statement under oath and the statement is required or authorized by law to be made under oath. The offense becomes aggravated perjury if the statement is made during or in connection with an official proceeding and is material.

## II.

\* \* \* \* \* \*

"Official proceeding" means any type of administrative, executive, legislative, or judicial proceeding that may be conducted before a public servant authorized by law to take statements under oath.

You are instructed that a Grand Jury proceeding is an official proceeding.

\* \* \* \* \* \*

You are instructed that a grand juror is a public servant.

You are further instructed that the foreman of the grand jury, or another under his direction, is a person authorized to administer oaths.

## III.

You are instructed that the alleged statement, to-wit: that he, the said Donald B. Yarbrough, did not meet with John William Rothkopf on the 16th day of May, 1977, in Travis County, Texas, if made, would be material.

## IV.

Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, Donald B. Yarbrough, in Travis County, Texas, on or about the 28th day of June, 1977, did during an official proceeding, to-wit: a regular session of the Travis County Grand Jury, April Term, 1977, make a false statement, to-wit: that he, the said Donald B. Yarbrough, did not meet with John William Rothkopf on the 16th day of May, 1977, in Travis County, Texas, and in truth and in fact he, the said Donald B. Yarbrough, did meet with John William Rothkopf on the 16th day of May, 1977, in Travis County, Texas, and that such alleged false statement was made by the defendant with intent to deceive, and with knowledge of the meaning of such statement, and that such statement *was required or authorized by law to be made under oath,* you will find the defendant guilty of aggravated perjury.

If you do not so believe, or if you have a reasonable doubt thereof, you will find the defendant not guilty.

(emphasis added).

The requirement that the statement be made "under oath" is an essential element of the offense of aggravated perjury. An omission of even one essential element of

the offense from the portion of the charge applying the law to the facts will constitute fundamental error. *Hines v. State,* 653 S.W.2d 817 (Tex.Cr.App.1983); *Doyle v. State,* 631 S.W.2d 732 (Tex.Cr.App.1982) (opinion on State's motion for rehearing).

The State relies on *Ex parte Burkett, supra* to establish that the complained of omission does not constitute fundamental error. *Burkett* is not in point. There it was held that the failure to aver, in an *indictment,* that the alleged false statement is "required or authorized to be made under law," did not constitute fundamental error. The *Burkett* court noted that the indictment did aver that the defendant took an oath, that the defendant was sworn by someone authorized to give an oath, and that the defendant made false statements during an official proceeding: the Court reasoned that all of these averments necessarily indicate that the statements made under oath "were authorized by law to be made under oath."

Even if such a liberal interpretation were applicable to the jury charge, which I conclude it is not, the very rationale is inapplicable. Although the application paragraph of the aggravated perjury charge required the jury to find that the alleged false statement was made during an official proceeding (before the grand jury) and that such statement was "required or authorized by law to be made under oath," it does not follow that this *necessarily indicates* that the jury also had to find (or that the jury found) that the statement was made under oath or required to be made under oath. They may have only found that the statement was *authorized* to be made under oath; the word "authorized" implies that the oath *may* be given but does not imply that it *must* be given. If the jury had been required to find that the statement was "required *and* authorized by law to be made under oath," the State's analogy would be more persuasive.

In *Ex parte Clark,* 597 S.W.2d 760 (Tex. Cr.App.1979) it was held that a conviction could be collaterally attacked upon the basis of a "total failure" of the court's charge to apply the law to the facts. The *Clark* charge correctly defined the offense in the abstract. The *Clark* court distinguished *Ex parte Coleman, supra,* wherein it was held that the conviction could not be collaterally attacked where the application paragraph of the charge authorized a conviction on more theories of robbery than were alleged in the indictment: the distinction was .said to be a matter of constitutional dimension. It was noted that a total failure of the court's charge to apply the law to the facts infringes two areas of the state and federal Constitutions: it violates the defendant's due process rights by denying him a fair and impartial trial; it also violates the defendant's right to a trial by jury, which is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, § 10, of the Texas Constitution.

In *Doyle v. State,* 631 S.W.2d 732 (Tex. Cr.App.1982) (on State's motion for rehearing), a direct attack on a conviction, the Court found a charge fundamentally defective upon the ground that the application paragraph omitted an essential element of the offense charged. In explaining why an omission of an essential element of the offense in the application paragraph could not be redeemed by the inclusion in the charge of all essential elements by way of an abstract definition of the offense, it was said that jurors could not be expected "to put together pieces of what may appear to them to be a jigsaw puzzle to determine which elements must be proved in order to find that the defendant committed the [charged] offense...." *Id.* at 737. The Court[1] also observed that "jurors [should not] be required to second-guess the trial court by assuming that it inadvertently omitted a required element of the offense,

---

1. The portion of the opinion cited is directly joined by only three justices; two of these join by way of a concurring opinion. Four justices concur in the result without an opinion while the remaining two dissent. While this arguably undercuts the precedential value of the opinion, the fact remains that seven justices voted to reverse.

just because an abstract definition in the charge includes the omitted element." *Id.*

The *Doyle* Court recognized that while the general rule is that a charge should be read as a whole, such general rule is not applicable when an entire element of the offense is omitted from the application paragraph. *Id.* at 738. The Court, citing *Ex parte Clark, supra,* stated that

> [w]hen there is a total *or even a partial* failure in the trial court's charge, of applying the law of the offense to the facts of the case, this type error of omission infringes upon an accused's federal and state constitutional rights to due process of law, due course of law, and the right of trial by jury.

*Id.* (emphasis added).

In *Hines v. State,* 653 S.W.2d 817 (Tex. Cr.App.1983), a direct attack upon a conviction, the application paragraph of the charge failed to require the jury to find that the defendant, accused of rape, had "sexual intercourse" with the victim. The Court found fundamental error and noted that although "there was an undertaking to apply the law to the facts, ... in so doing the jury was *affirmatively misled* when the most essential element of the offense was left out. It authorized a conviction in circumstances which would not constitute an offense." *Id.* at 818 (emphasis added). The *Hines* Court did not indicate whether all elements of the offense were included in an abstract definition of the offense.

I find that these cases *compel* the conclusion that a conviction may be collaterally attacked based upon an omission from the charge's application paragraph of an essential element of the offense, even though all elements are presented elsewhere in the charge through an abstract definition of the offense. The risk of an erroneous application of the law is greater with the charge under which appellant was convict-

ed than would be presented by the charge in *Ex parte Clark, supra.* The *Clark* jury was presented with an abstract definition of the law; all they had to do was apply it to the facts, albeit unaided by the trial court. In the charge attacked by appellant, the jury was *affirmatively misled* by the omission from the application paragraph of an essential element of the offense: appellant's jury was free to speculate as to whether the omission was a product of design or inadvertence.

I would sustain appellant's second point of error to the extent that it complains that the application paragraph of the aggravated perjury charge fails to contain a requirement that the jury find that the statement was made under oath. The ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.

In my opinion appellant did not violate Tex.Pen.Code Ann. § 38.11 (1974) by failing to appear for sentencing on a *void* conviction.[2] A defendant who is confined pursuant to a void felony conviction is illegally restrained. *See Ex Parte Gregg,* 427 S.W.2d 66, 67 (Tex.Cr.App.1968). Appellant had no duty to submit to illegal confinement.

*Pizzi v. State,* 469 S.W.2d 576 (Tex.Cr. App.1971), a case affirming a bond forfeiture, is advanced for the proposition that appellant was obligated to appear even though there was an error in the charge. In *Pizzi,* a man's liberty was not at stake.

I would reverse the trial court's judgment and reform that judgment to reflect an order of acquittal.

---

**2.** Since the perjury judgment is subject to collateral attack by habeas corpus it is *void,* not merely *voidable. See Ex parte Shields,* 550 S.W.2d 670, 675 (Tex.Cr.App.1977) (on State's motion for rehearing) ("When a defect in the conduct of a proceeding is challenged, a collateral attack by habeas corpus may be invoked only where the error renders the proceedings absolutely void."); 25 Tex.Jur.3d Criminal Law § 3632 at 587 (1983) ("A judgment may be collaterally attacked only in case it is void, and not merely voidable.").