**Anthony Ray KENNEYBREW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57473.**

Court of Criminal Appeals of Texas, Panel Two.

Feb. 14, 1979.

Lawrence B. Mitchell, Dallas, for appellant.

Henry M. Wade, Dist. Atty., John H. Hagler, Stewart C. Robinson, Jr., and Dan C. Guthrie, Jr., Asst. Dist. Attys., Dallas, for the State.

Before DOUGLAS, ROBERTS and ODOM, JJ.

### OPINION

DOUGLAS, Judge.

Anthony Ray Kenneybrew appeals his conviction for burglary of a vehicle. After the jury found that Kenneybrew had twice before been convicted of felonies, his punishment was assessed at life. The sufficiency of the evidence is not challenged.

On October 1, 1976, Kenneybrew was observed by two eyewitnesses breaking into a pickup truck. He was apprehended at the scene.

At the punishment phase of the trial, the court prepared a charge which authorized the jury to find only that each of the two prior felonies alleged against appellant was either true or untrue. The charge did not provide any further instructions in the event the jury found either or both allegations untrue. Appellant objected that this charge was improper and that the jury should be instructed on all the punishment alternatives.

A hearing, outside the presence of the jury, was held prior to the punishment

phase of the trial. At that point, the court stated:

".  .  . Charge of the Court will be given to this Jury, will involve only the answering of the questions—that's Paragraph Two and Paragraph Number Three—true or untrue, without regard and without listing any range of punishment or any contingencies, if this Jury finds the Paragraphs Two or Three to be untrue, and if that occurs, there will be an additional—perhaps additional evidence and additional charges involving those matters, if the Jury does find untrue to either Paragraph Two or Paragraph Three."

Also, at the hearing, the court ruled that the State could not introduce evidence of two other prior convictions which were unalleged.

Kenneybrew contends that the court's procedure at the punishment stage was improper and requires reversal of his conviction. In three grounds of error, he argues essentially that the procedure was contrary to the mandatory provisions of Article 37.-07, V.A.C.C.P.

Article 37.07, supra, provides for a two stage trial with separate hearings at the guilt and punishment phases. The court did not follow the procedure set out in Article 37.07, supra, at the punishment phase of the trial.

The only witness called at the punishment phase was John Slovak of the Identification Bureau of the Dallas County Sheriff's Office. He testified that appellant's fingerprints matched the fingerprints on two pen packets. Both pen packets and a card, made by Slovak, of appellant's fingerprints were introduced into evidence. Appellant offered no evidence and waived final arguments.

There were no contested issues of fact at the punishment phase. The evidence fully established the allegations of the two prior convictions. On these facts, the jury would not have needed to consider the punishment options on which it was not charged. The error in failing to charge on those options was irrelevant considering the facts proved at the punishment stage.

There is no reversible error. The judgment is affirmed.