Roger MORALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–83–00192–CR.

Court of Appeals of Texas,
El Paso.

Sept. 14, 1983.

David Chapman, San Antonio, for appellant.

Roy Carper, San Antonio, for appellee.

Before PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

Is it reversible error for the trial court, over objection and after a proper request, to refuse to charge the jury, at the punishment stage of a habitualized case, on each and every element of the prior convictions required to be found before a jury may find "true" as to the prior convictions?

Roger Morales was convicted of burglary of a habitation and upon a finding of "true" by the jury to the habitualization allegations, the court sentenced him to life imprisonment. We affirm.

Basically, Appellant asserts in two grounds of error that the trial court erred in its charge on punishment in failing to apply the law to the facts. In essence, the argument is made that the specific habitualization allegations contained in the indictment must be given the same application in the punishment part of the court's charge as elements of the offense are given in the guilt part of the court's charge. Counsel presents a well organized and very logical argument.

Morales pled not true to the habitualization allegations. The court in its charge on punishment set out the allegations from two paragraphs in the indictment as to the two prior convictions. These abstract statements in the charge on punishment noted the alleged date of each offense, the court and cause number, the offense, and the finality of the prior conviction. The application paragraph, to which objection was made, states:

If you find from the evidence beyond a reasonable doubt that the defendant has previously been finally convicted of two felony offenses, as alleged in the indictment, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, you will so state by your verdict.

Subsequent paragraphs charged on finding only one prior conviction and on no prior convictions and the range of punishment in each instance. The charge was basically the same found in *Lujan v. State,* 626

S.W.2d 854 (Tex.App.—San Antonio 1981) fn. 6, except for terms of years involved.

The verdict form signed by the jury foreman states:

We, the Jury, having found the defendant, Roger Morales, guilty of the offense of Burglary of a Habitation, as charged in the first paragraph of the indictment, do further find that he is one and the same person who was duly, legally and finally convicted in Cause Number 78-CR-2115 of the offense of Burglary of A Building as alleged in the second paragraph of the indictment and further find that he is one and the same person who was duly, legally and finally convicted in Cause Number 75-CR-1898 of the offense of Burglary of a Building With Intent To Commit Theft as alleged in the third paragraph of the indictment and find that all the allegations in the second and third paragraphs of the indictment are "True."

The court in *Green v. State,* 387 S.W.2d 410 (Tex.Cr.App.1965) relied upon 1 Branch's Ann.P.C.2d, p. 689, and Erisman's Manual of Reversible Error (1st Ed.1956), sec. 618, in overruling the alleged error concerning a habitualization charge. The charge used by the trial court in the Green case was similar to the one requested by Appellant in this case. The recommended instructions as set forth in Branch, supra, and Erisman's, supra, require that the court's application instruction set forth in the habitualization charge the name of the defendant, the nature of the offense and the prior conviction, the date of such offense, the number of the court in which the offense was tried and the cause number in that court and the finality of the prior conviction. This form of instruction continues to be recommended in other form books. See: McClung, Jury Charges for Texas Criminal Practice (Rev.Ed.1983), p. 22, and Willson's, 8 Texas Practice sec. 81.05, p. 148 (8th ed. 1977). But, Texas Criminal Pattern Jury Charges, CPJC 12.42(d), p. 85 (1975), suggests the type of instruction actually given in this case.

Issues as to the punishment charge of the court have been raised in other cases, but not on this particular issue. See: *Jackson v. State,* 571 S.W.2d 1 (Tex.Cr.App.1978); *Davis v. State,* 501 S.W.2d 629 (Tex.Cr.App. 1973); *Lujan v. State,* supra.

Appellant relies upon the recent decisions in *Brown v. State,* 617 S.W.2d 234 (Tex.Cr. App.1981) and *Apodaca v. State,* 589 S.W.2d 696 (Tex.Cr.App.1979) to draw analogies to support his argument that the court did not apply the law to the facts at the punishment stage of the case.

Article 36.19 of the Texas Code of Criminal Procedure provides that a judgment shall not be reversed for error in the charges unless such error was calculated to injure the rights of the defendant or deprive him of a fair and impartial trial. The critical functional distinction between the abstract portion of the charge and the application paragraph is that the former provides general guidance to the jury while the latter forces the jury to pass upon the precise requirements of the applicable penal statute before returning a verdict of guilty, or as in this case a finding of "true." In this case, the jury verdict form did expressly track the indictment and the abstract portion of the charge to the extent of the essential elements of identity, cause numbers, nature of the offenses, and finality of the convictions, as well as general reference to the allegations of the indictment. Thus, it appears that the jury was well aware of what it was required to find before it returned its verdict in this case which resulted in punishment of life imprisonment.

Having concluded that the charge as given was not calculated to injure the rights of the defendant and that such did not deprive him of a fair and impartial trial, the two grounds of error are overruled.

The judgment of the trial court is affirmed.