Larry Donnell RICE, Appellant,

v.

STATE of Texas, State.

No. 2–86–286–CR.

Court of Appeals of Texas,
Fort Worth.

March 2, 1988.
Discretionary Review Refused
May 25, 1988.

Charles Baldwin, Fort Worth, for appellant.

Chris Marshall, Asst. Dist. Atty., Fort Worth, for State.

Before FENDER, C.J., and
KELTNER and LATTIMORE, JJ.

OPINION ON REHEARING

KELTNER, Justice.

Both parties have filed motions for rehearing. As a result we withdraw our previous opinion in this cause, dated August 5, 1987, and the following is substituted therefor. Originally Larry Donnell Rice's appointed counsel filed a brief in which he certified that the appeal was wholly frivolous. However, the brief assigned two "arguable" points of error,[1] which claimed that the trial court erred in overruling Rice's objection to the State's peremptory strike against the sole black person on the jury panel and that Rice's sentence of 99 years in the Texas Department of Corrections for "purse-snatching" constituted cruel and unusual punishment. Under our obligation to review the entire record as enunciated in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d

1. We note that if counsel assigns points which arguably show reversible error, there is no necessity to follow the "frivolous appeals" procedure. We construe these two points as "possible" points of error.

493 (1967), we also noted harmless error in the jury verdict forms. Rice has filed a pro se motion for rehearing in which he raises the two previous points of error, and asserts error in the charge on punishment. The State has filed a motion for rehearing in which it urges us to hold that there was no error in the verdict forms. Upon consideration of all these issues we again affirm Rice's judgment of conviction.

A jury found Larry Donnell Rice guilty of theft from the person, found the two enhancement allegations were true, and sentenced him to 99 years confinement in the Texas Department of Corrections. *See* TEX.PENAL CODE ANN. secs. 31.-03(e)(4)(B) and 12.42(d) (Vernon Supp.1988).

■ In his first point of error, Rice claims that the trial court erred in overruling his objections to the State's striking the sole black person on the jury panel.

At the outset, it should be noted that both Rice and his trial counsel are black. Rice contends he was denied equal protection under law on the rationale of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

The State exercised a peremptory strike to strike the only black person on the jury panel. Outside the presence of the jury, the trial judge announced that the State had struck the only black person on the jury, noted that defendant Rice was black and asked if his attorney wished to object. Defense counsel did object, urging that the State's use of the peremptory challenge violated the rule announced in *Batson.* In accordance with the procedure outlined in *Batson,* the court asked the prosecutor to explain the use of the peremptory challenge against the black panelist.[2]

The prosecutor gave three reasons for striking the juror. First was the juror's "level of education and intelligence." The prosecutor referred to the panelist's jury information sheet which reveals that, while the juror had a twelfth grade education,

she had problems spelling simple words. The words "husband," "retired," "grade," and "women's" were misspelled. Although the record does not contain the jury information sheets of the other veniremen, the record reflects that the prosecutor struck at least one other juror whose information sheet demonstrated a spelling problem.

In this case the juror's reading abilities were crucial. The State sought to enhance punishment by alleging two prior convictions. As a result, the jury was called upon to determine whether the convictions proved up by the State (by pen packets) matched the convictions alleged for enhancement, and this could require considerable reading abilities. We are not to be understood as holding that the State's exercise of a premptory challenge on education or reading ability always constitutes a neutral explanation. However we deem the explanation was neutral under the facts of this case.

Second, the prosecutor stated:

[D]uring my voir dire examination of the entire jury panel, I did not feel like I related well to Ms. Thompkins or that she related well to me, and I did not feel in my subjective opinion that she was a suitable juror for the State.

This explanation falls afoul of the Supreme Court's holding in *Batson:*

[T]he prosecutor [may not] rebut the defendant's case merely by denying that he had a discriminatory motive or "affirming his good faith in individual selections." *Alexander v. Louisiana,* 405 U.S. [625], at 632, 92 S.Ct. [1221], at 1226 [, 31 L.Ed.2d 536 (1972)]. If these general assertions were accepted as rebutting a defendant's prima facie case, the Equal Protection Clause "would be but a vain and illusory requirement." *Norris v. Alabama, supra,* 294 U.S. [587], at 598, 55 S.Ct. [579], at 583–84 [, 79 L.Ed. 2d 1074 (1935)]. The prosecutor therefore must articulate a neutral explana-

2. *Batson* holds that after a prima facie finding of purposeful racial discrimination, the burden shifts to the State to offer a "neutral explanation" for the peremptory strike. *Batson,* 106 S.Ct. at 1723. Although the trial court did not

explicitly find that a prima facie case of discrimination had been made, the court did require the prosecutor to explain his reasons for striking the prospective juror.

tion related to the particular case to be tried.

n. 20. The Court of Appeals for the Second Circuit observed in *McCray v. Abrams*, 750 F.2d [1113], at 1132 [2nd Cir.1984], that "[t]here are any number of bases" on which a prosecutor reasonably may believe that it is desirable to strike a juror who is not excusable for cause. As we explained in another context, however, the prosecutor must give a "clear and reasonably specific" explanation of his "legitimate reasons" for exercising the challenges. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 258, 101 S.Ct. 1089, 1096, 67 L.Ed.2d 207 (1981).

*Batson*, 106 S.Ct. at 1723–24.

Third, the prosecutor stated that he struck the juror because she belonged to the NAACP and the defendant's counsel was an active member of that organization. The juror had stated, in response to questions by defense counsel, that she was a member of an organization known a NAACP (National Association for Advancement of Colored People). The record reflects that defense counsel was not only active in that organization, but he also wore a NAACP lapel pin to the trial. The prosecutor stated that the similarity of interests between defense counsel and juror contributed to his decision to strike the juror. Neither the defendant nor his counsel offered a response to the comments given by the prosecutor.

As the trial court's findings "largely will turn on the evaluation of credibility, a reviewing court ordinarily should give those findings great deference." *Batson*, 106 S.Ct. at 1724, n. 21. The prosecutor's explanation need not rise to the level justifying an exercise of a challenge for cause. The prosecutor need only provide a neutral explanation, rather than a racially discriminatory explanation, to justify striking the jury panelist. *Id.* The trial court held that the prosecutor's explanation was racially neutral, and we find no cause to upset the

trial court's decision. Based on the first and third reasons given by the prosecutor for striking the prospective juror, we overrule appellant's first point of error.

■ In his second point on rehearing the appellant claims that the punishment of 99 years for purse-snatching was cruel and unusual. Appellant refers us to *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), which states that, although a sentence may be within the range permitted by statute, it may nonetheless, run afoul of the eight amendment's prohibition against cruel and unusual punishment. *See* U.S. Const. amend. VIII.

At first blush, appellant's sentence of 99 years for a second-degree felony appears harsh. However, the punishment for this crime was enhanced by a 1981 conviction for theft from a person and a 1976 conviction for a second-degree felony of robbery.[3] Thus, under the Texas Penal Code, section 12.42(d), the jury was authorized to assess a sentence of between 25 years and 99 years, or life.

The United States Supreme Court has held that the Texas habitual offender statute did not violate the prohibition against cruel and unusual punishment. *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).

Likewise, the Court of Criminal Appeals has repeatedly held that the Texas habitual offender statute is constitutional. *See Rodriguez v. State*, 614 S.W.2d 448, 450 (Tex.Crim.App. [Panel Op.] 1981); *McCardell v. State*, 557 S.W.2d 289, 291 (Tex. Crim.App.1977); *Schultz v. State*, 510 S.W. 2d 940, 944 (Tex.Crim.App.1974). Because we find nothing to distinguish the facts of this case from *Rummel*, 100 S.Ct. 1133, and because our own high court has repeatedly affirmed the constitutionality of the statute, we conclude that appellant's sentence does not constitute cruel and unusual punishment. The second point of error is overruled.

---

**3.** Proof at the punishment stage also showed that appellant was convicted of burglary in

1976.

■ In his third point of error, appellant contends that the trial court erred in failing to apply the law to the facts in the charge to the jury on punishment. In particular, he argues that the specifics of the prior convictions alleged for enhancement should be reiterated in the application paragraph of the charge. Appellant pled not true to the enhancement paragraphs. He refers us to *Perez v. State*, 537 S.W.2d 455, 456 (Tex.Crim.App.1976), and *Harris v. State*, 522 S.W.2d 199, 200–02 (Tex.Crim.App. 1975), wherein it was held to be a fundamental and reversible error to fail to apply the law to the facts in the charge to the jury on guilt/innocence. As Rice reminds us, it is true that the hearing on punishment is a trial itself, with all the hallmarks of the trial on guilt or innocence. *See Ex parte Augusta*, 639 S.W.2d 481, 484 (Tex. Crim.App.1982). Finally, appellant refers us to *Ex parte Clark*, 597 S.W.2d 760 (Tex.Crim.App.1979) for the proposition that failure to apply the law to the facts denies a fair and impartial trial to a defendant, in contravention to U.S. CONST. amends. VI and XIV, and TEX. CONST. art. I, secs. 10 and 19.[4] While we generally agree with these assertions by appellant, we conclude that any error in failing to apply the law to the facts was harmless.

In the charge, the trial court first set out the allegations of enhancement paragraphs one and two in detail: alleging the date, cause number, offense, and sequences of finality of the convictions set out in the indictment. The relevant portion of the remainder of the charge reads:

If you believe from the evidence beyond a reasonable doubt that the allegations set out in Enhancement Paragraph One of the indictment are true, you will state in your verdict that you find "true" the allegations of Enhancement Paragraph One of the indictment; but unless you so believe, or if you have a reasonable doubt thereof, you will answer "not

true" to the allegations of Enhancement Paragraph One of the indictment.

If you believe from the evidence beyond a reasonable doubt that the allegations set out in Enhancement Paragraph Two of the indictment are true, you will state in your verdict that you find "true" the allegations of Enhancement Paragraph Two of the indictment; but unless you so believe, or if you have a reasonable doubt thereof, you will answer "not true" to the allegations of Enhancement Paragraph Two of the indictment.

If you have answered "true" to both Enhancement Paragraph One and Two of the indictment, you will assess the punishment of the defendant at confinement in the Texas Department of Corrections for any term of years not less than 25, nor more than 99, or life.

If you have answered "true" to Enhancement Paragraph One of the indictment; or if you have answered "not true" to Enhancement Paragraph One of the indictment and "true" to Enhancement Paragraph Two of the indictment, you will assess the punishment of the defendant at confinement in the Texas Department of Corrections for any term of years not less than two, nor more than 20 years; and a fine of up to $10,000 may also be imposed.

If you have answered "not true" to both Enhancement Paragraph One and Two of the indictment, you will assess the punishment of the defendant at confinement in the Texas Department of Corrections for any term of years not less than two, nor more than 10, and a fine of up to $5,000 may also be imposed.

In reviewing the charge, we will also consider the four verdict forms submitted to the jury, as they contained specific findings by the jury. The first verdict form, as signed by the foreman, reads:

We, the jury, ... find *the allegations in Enhancement Paragraph One and Two of the indictment* are "true" and

---

4.  *Clark*, at 761 also holds that failure to apply the law to the facts is fundamental error. We may consider this issue, although it is raised for the first time on motion for rehearing, because fundamental error can be raised at any stage in

the appellate process. *See Lopez v. State*, 708 S.W.2d 446, 448–49 (Tex.Crim.App.1986). We also consider this point under our continuing duty to review the record for error under *Anders v. California*, 87 S.Ct. at 1396.

we assess his punishment at confinement in the Texas Department of Corrections for 99 years. [Emphasis added.]

The second form provides:

We, the jury, ... find that *the allegations in Enhancement Paragraph One of the indictment are "true,"* but we further find that said defendant is not the same person who, prior to the commission of the offense of which we have found him guilty, had been finally convicted of the offense of robbery, *as alleged in Enhancement Paragraph Two of the indictment,* and we assess his punishment at confinement in the Texas Department of Corrections for ————.... [Emphasis added.]

The third form provides:

We the jury, ... find that the defendant is not the same person who, prior to the commission of the offense of which we have found him guilty, had been finally convicted of the offense of theft of property from the person *as alleged in Enhancement Paragraph One of the indictment;* but we further find that said defendant is the same person who, prior to the commission of the offense of which we have found him guilty, had been finally convicted of the offense of robbery, *as alleged in Enhancement Paragraph Two of the indictment,* and we assess his punishment at confinement in the Texas Department of Corrections for ————.... [Emphasis added.]

The fourth verdict form asserts that the jury finds that:

[S]aid defendant is not the same person who, prior to the commission of the offense of which we have found him guilty, had been finally convicted of the offense of theft of property from the person, *as alleged in Enhancement Paragraph One of the indictment....* [Emphasis added.]

then reiterates that same finding as to the robbery conviction alleged in Enhancement Paragraph Two.[5]

The charge and verdict forms appear to be similar to those discussed in *Morales v. State,* 659 S.W.2d 867, 868–69 (Tex.App.—El Paso 1983, no pet.) and *Lujan v. State,* 626 S.W.2d 854, 864–66 (Tex.App.—San Antonio 1981, pet. ref'd.). It is true that the charge did not directly apply the law to the facts.[6]

Because the charge failed to directly apply the law to the facts, by setting out the details of and sequencing of the prior convictions in the application paragraph, we hold that the charge is improper.

■ However, our consideration does not end here. We must consider whether Rice was harmed by such failure to apply the law to the facts in the charge.

The evidence at the punishment hearing consisted of a pen packet for each case comprised of the judgment, sentence, photographs of Rice, and his fingerprints. Further evidence included the testimony of a fingerprint expert who testified that, in comparing Rice's known fingerprints with the fingerprints in the pen packets, she found all the fingerprints were made by the same person. Thus, the State proved that Rice was the person previously convicted in each case. The judgment and sentence in each case appear facially valid and no challenge was made regarding their validity. The offenses, dates, courts, and cause numbers shown in the pen packets match those alleged in the present indictment. Rice offered no evidence at the hearing. The thrust of Rice's argument to the jury was that the jury should consider the prior convictions to be only crimes against property, which did not justify the maximum sentence. He did not argue against the merits of the enhancement allegations.

Because Rice failed to object to the charge or verdict forms, we may reverse

---

5. We perceive an incongruity between the charge and the verdict forms. Although the charge instructs the jury to answer "true" and "not true" to the enhancement paragraphs, the last three verdict forms do not provide for findings of "true" and "not true." While we think this could be confusing, we can find no harm to appellant, for the reasons stated in this opinion.

6. For a charge that *does* apply the law to the facts, *see, e.g.,* 8 M. McCormick & T. Blackwell, TEXAS CRIMINAL FORMS AND TRIAL MANUAL sec. 81.07 (Texas Practice 9th ed. 1985).

this cause only if the error egregiously harmed him. *Compare Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984).

In *Lujan,* 626 S.W.2d at 865–66, it was held that the language in the verdict forms finding the allegations of the respective enhancement paragraphs to be "true," combined with the charge to the jury on punishment, sufficiently directed the jury to find all the essential allegations of the enhancement paragraphs before using the respective prior convictions to enhance the punishment. At any rate, in light of the uncontroverted evidence showing that the allegations of each enhancement paragraph were true, and the lack of anything—even jury argument—to suggest that the allegations were not true, we conclude that appellant was not harmed by any error in the charge or verdict forms. *Compare Lawrence v. State,* 700 S.W.2d 208, 211–13 (Tex.Crim.App.1985); *Kenneybrew v. State,* 576 S.W.2d 861, 861–62 (Tex.Crim. App. [Panel Op.] 1979); *Moreno v. State,* 541 S.W.2d 170, 173 (Tex.Crim.App.1976); *Morales,* 659 S.W.2d at 868–69.

After carefully reviewing the entire record, we find that the uncontradicted evidence supports the jury's guilty verdict and findings on the enhancement counts, and that no reversible error occurred in the course of the trial. Therefore, the judgment is affirmed.