TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00114-CR






Eloy Liendo, Jr., Appellant




v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL

DISTRICT

NO. 96-502-K368, HONORABLE BURT CARNES, JUDGE PRESIDING







 Appellant Eloy Liendo, Jr. pled guilty before a jury to possession of marijuana in excess
of fifty pounds, a second degree felony. See Tex. Health & Safety Code Ann. § 481.121(b) (West Supp.
1998). The jury sentenced Liendo to a twenty-year period of incarceration and imposed a fine of $10,000. 
See Tex. Penal Code Ann. § 12.33(a), (b) (West 1994). 

 Liendo brings two points of error, claiming the trial court erred by allowing the State to
question him about the details of prior convictions, and contending the jury charge was deficient in that it
failed to apply the law to the facts. We will affirm the judgment of the trial court.



DISCUSSION

Details of Prior Convictions

 In point of error one, Liendo claims the court erred in permitting the State to question him
about the facts forming the basis of the prior convictions. We observe first that Liendo failed to preserve
error, if any. At trial, he made no objection on the ground complained of here. Generally, an error is not
preserved as to evidence absent a timely and specific objection at trial. The objection must identify that
which is objected to, but must also set forth the grounds for the ruling desired. Tex. R. App. P. 33.1(a);
Sandow v. State, 787 S.W.2d 588, 596 (Tex. App.--Austin 1990, pet. ref'd).

 Even if appellant had preserved error by making an objection and obtaining a ruling, and
the introduction of evidence of the details of prior convictions was in error as a general rule, in this case
appellant invited the alleged error and opened the door to the State's development of this evidence by
raising the issue when he testified on direct examination. (1) Appellant's counsel asked him about his previous
troubles with the law and specifically elicited facts underlying his previous convictions for burglary and
possession of marijuana. On cross-examination the State further developed the same matters without
objection from appellant. In a similar case, the Texas Court of Criminal Appeals said the defendant had
opened the door about the length of his sentence when he testified on direct examination that he had been
convicted of a felony and sentenced to eight years for the murder of a woman and her child. Norris v.
State, 902 S.W.2d 428, 442 (Tex. Crim. App. 1995). Permitting the State to question how long he
actually served for that offense was not error. Id. (2)

 Because Liendo failed to object to its introduction, and because he opened the door to the
introduction of evidence relating to the specifics underlying previous offenses, any error was waived. We
overrule point of error one.


Error in the Jury Charge

 In his second point of error, appellant claims the jury charge contained error in that it failed
to apply the law to the facts. We disagree.

 We note that appellant's point of error is so general and unspecific that we cannot
determine with any certainty what his point is. A brief must contain a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the record. Tex. R. App. P. 38.1(h). 
We could dismiss this point as inadequately briefed. See Lawton v. State, 913 S.W.2d 542, 554 (Tex.
Crim. App. 1995), Heiselbetz v. State, 906 S.W.2d 500, 512 (Tex. Crim. App. 1995). However, in the
interest of justice we have tried to determine if any error might have occurred in the jury charge.

 Appellant made no objection to the charge and did not submit a proposed charge as
required by article 36.15. See Tex. Code. Crim. Proc. Ann. art. 36.15 (West 1981). Without an
objection or submission of a proposed charge, reversal because of error in the jury charge is required only
if the error is so egregious that defendant has not had a fair trial. Almanza v. State, 686 S.W.2d 157,
171-72 (Tex. Crim. App. 1985), cert. denied 481 U.S. 1019 (1987).

 Appellant is correct in pointing out that the failure to apply the law to the facts in a jury
charge constitutes serious error on questions of guilt or innocence, Harris v. State, 522 S.W.2d 199 (Tex.
Crim. App. 1975), and that standard has been extended to hearings on punishment, Rice v. State, 746
S.W.2d 356, 359 (Tex. App.--Fort Worth 1988, pet. ref'd). In assessing whether egregious error is
present in this case, we begin with an examination of the jury charge. The relevant portions read as follows:


The defendant, Eloy Liendo, Jr., stands charged by indictment with the offense of
Possession of Marijuana of more than 50 pounds . . . .


To this charge the defendant has pleaded "guilty" and he has persisted in entering such plea
. . . .


A defendant who has been found guilty of the offense of possession of a usable quantity of
marijuana of more than 50 pounds shall be punished by imprisonment in the Institutional
Division of the Texas Department of Criminal Justice for any term of not more than 20 years
or less than two years. In addition to imprisonment, a fine not to exceed $10,000.00 may
be imposed.



The jury charge begins with a summary of the indictment and then recognizes Liendo's guilty plea. Part of
the charge instructs the jury as to the range of punishment applicable to the offense. 

 A plea of guilty before the jury is conclusive as to defendant's guilt and no issue of the
defendant's guilt need be submitted to the jury. Brinson v. State, 570 S.W.2d 937, 938-39 (Tex. Crim.
App. 1978). It is well-established that in a felony case when a defendant has entered a plea of guilty before
the jury, because there remains no issue of guilt to be determined, it is proper for the trial court to instruct
the jury to return a verdict of guilty, charge the jury on the law on the punishment issues, and then instruct
them to decide only those issues. Holland v. State, 761 S.W.2d 307, 313 (Tex. Crim. App. 1988).

 The underlying fact to which the jury charge should relate in this case is Liendo's guilty plea. 
We find that the charge sufficiently relates the law to the facts. (3) In further assessing whether the law was
applied to the facts, we may consider the jury's verdict forms. See Rice, 746 S.W.2d at 360. The form
reads, "We the jury, find the defendant, Eloy Liendo, Jr., guilty of the offense of Possession of Marijuana
of more than 50 pounds, as alleged in the indictment . . . ." The jury form indicates that the jurors related
the law to Liendo's guilty plea. We hold there was no error so egregious as to require reversal.

 Furthermore, we hold that any imperfections in this jury charge constituted harmless error. 
Tex. R. App. P. 44.2. Considering Liendo's admission of guilt before the jury and the fact that the
evidence consisted almost entirely of his direct testimony, we cannot conclude that error, if any, affected
Liendo's substantial rights. Point of error two is overruled.

CONCLUSION

 Having found no error in the proceedings below, we affirm the judgment of the trial court.



 

 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: February 12, 1998

Do Not Publish

1. When a defendant opens the door on an issue by presenting an incomplete picture of incident, the
State is permitted to complete the picture by presenting evidence that would otherwise have been
inadmissible. Skillern v. State, 890 S.W.2d 849, 864 (Tex. App--Austin 1994, pet. ref'd); Tex. R.
Crim. Evid 107.
2. The two cases relied on by appellant on this point, Walker v. State, 610 S.W.2d 481 (Tex. Crim.
App. 1980) and Lege v. State, 501 S.W.2d 880 (Tex. Crim. App. 1973), were decided before the
amendments made by the legislature in 1993 to article 37.07 of the Code of Criminal Procedure. The State
argues that the amendment effectively nullified the basis for appellant's complaint. See Act of June 13,
1993, 73d Leg., R.S., ch. 900, § 5.05, 1993 Tex. Gen. Laws 3586, 3759. Cf. Grunsfield v. State, 843
S.W.2d 521 (Tex. Crim. App. 1992). However, we need not decide the extent to which those cases put
forth by appellant have been displaced by the statute.
3. The jury charge used in this case follows the form suggested for a charge on a plea of guilty before
a jury which has been approved in 8 Michael J. McCormick, Thomas D. Blackwell, & Betty Blackwell,
Criminal Forms and Trial Manual, § 96.11 (Texas Practice 10th ed. 1995). This type of form was
approved in Holland, 761 S.W.2d at 313. See also Gordon v. State, 633 S.W.2d 872, 877 (Tex. Crim.
App. 1982). 


 more than 50 pounds shall be punished by imprisonment in the Institutional
Division of the Texas Department of Criminal Justice for any term of not more than 20 years
or less than two years. In addition to imprisonment, a fine not to exceed $10,000.00 may
be imposed.



The jury charge begins with a summary of the indictment and then recognizes Liendo's guilty plea. Part of
the charge instructs the jury as to the range of punishment applicable to the offense. 

 A plea of guilty before the jury is conclusive as to defendant's guilt and no issue of the
defendant's guilt need be submitted to the jury. Brinson v. State, 570 S.W.2d 937, 938-39 (Tex. Crim.
App. 1978). It is well-established that in a felony case when a defendant has entered a plea of guilty before
the jury, because there remains no issue of guilt to be determined, it is proper for the trial court to instruct
the jury to return a verdict of guilty, charge the jury on the law on the punishment issues, and then instruct
them to decide only those issues. Holland v. State, 761 S.W.2d 307, 313 (Tex. Crim. App. 1988).

 The underlying fact to which the jury charge should relate in this case is Liendo's guilty plea. 
We find that the charge sufficiently relates the law to the facts. (3) In further assessing whether the law was
applied to the facts, we may consider the jury's verdict forms. See Rice, 746 S.W.2d at 360. The form
reads, "We the jury, find the defendant, Eloy Liendo, Jr., guilty of the offense of Possession of Marijuana
of more than 50 pounds, as alleged in the indictment . . . ." The jury form indicates that the jurors related
the law to Liendo's guilty plea. We hold there was no error so egregious as to require reversal.

 Furthermore, we hold that any imperfections in this jury charge constituted harmless error. 
Tex. R. App. P. 44.2. Considering Liendo's admission of guilt before the jury and the fact that the
evidence consisted almost entirely of his direct testimony, we c