IN THE

TENTH COURT OF
APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-04-00276-CR

 

In re William Owens, Jr.

 

 



Original
Proceeding

 

 



MEMORANDUM 
Opinion



 

          In
this action, Owens requests this Court to mandamus both the district clerk and
the trial court.

First, we have no jurisdiction to mandamus a
district clerk.  In re Simpson, 997 S.W.2d 939 (Tex. App.—Waco 1999)(orig.
proceeding).  Thus, as to the district
clerk, the petition for writ of mandamus is dismissed.

Second, it appears the trial court has not
signed a written order regarding Owens’s motion for DNA testing.  The trial court is required to enter a
written order in resolving a motion seeking DNA testing of evidence.  In re
Johnston, 79 S.W.3d 195, 198 (Tex. App.—Texarkana 2002)(orig. proceeding); see also Cravin v. State, 95 S.W.3d 506, 508 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d).

          As
to the trial court, the petition for writ of mandamus is conditionally
granted.  The writ will only issue if the
trial court fails to take appropriate action consistent with this opinion.

          

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before
Chief Justice Gray,

          Justice Vance, and

          Justice Reyna

Writ
dismissed in part and conditionally granted in part

Opinion
delivered and filed October 20, 2004

[OT06]








 






. Crim. App. 1991).
      The indictment alleges in pertinent part that Camp committed this offense “by asking the
[victim] to lay on a couch next to him, and let him touch her breasts and genitals and by grabbing
her hand, which amounted to more than mere preparation that tended but failed to effect the
commission of the offense . . . .” 
      The victim testified that:
      •    Camp asked her to sit next to him on a couch;
 
      •    he asked her if she ever let anyone “touch [her] in private places” to which she responded
“no”;
 
      •    he asked her if she “would lay back on the couch and let him touch [her] breasts and
[her] private area down there” to which she responded “no” and “started to get up”;
 
      •    when she stood to walk away, Camp grabbed her by the wrist and asked her to sit down;
and
 
      •    when she said “no” and began to walk away, he grabbed her arm “in an attempt to pull
[her] back.”

      Reviewing this evidence in the light most favorable to the verdict, we hold that the evidence
is legally sufficient to support the conviction. See Hackbarth v. State, 617 S.W.2d 944, 945-46
(Tex. Crim. App. [Panel Op.] 1981); Franklin v. State, 34 Tex. Crim. 203, 213, 29 S.W. 1088,
1090 (1895). Thus, Camp’s third issue is without merit.
      Camp avers in his first issue that the court erred by sentencing him to enhanced punishments
without an affirmative jury finding on the enhancement allegation. He also complains of the
absence of an affirmative finding on the enhancement allegation in the judgment.
      Camp pleaded true to the enhancement allegation. The State offered in evidence the
penitentiary packet reflecting the prior conviction alleged without objection. The court’s
punishment charge informed the jury that Camp had pleaded true to the enhancement allegation
and instructed the jury to assess his punishment within the ranges provided for a person previously
convicted of a felony. The jury assessed his punishment accordingly.
      The judgment contains the following recitals regarding the enhancement allegation:
      PLEA TO ENHANCEMENT PARAGRAPH(S): True 
      ENHANCEMENT PARAGRAPH(S):   One 
      In a similar case, the Court of Criminal Appeals has held that, upon a defendant’s plea of
“true” to an enhancement allegation, “the validity of the enhancement allegation [i]s not in issue”
and there is “no need to submit its validity for the jury’s consideration.” Howell v. State, 563
S.W.2d 933, 936 (Tex. Crim. App. [Panel Op.] 1978); accord Wilson v. State, 671 S.W.2d 524,
526 (Tex. Crim. App. 1984); Kenneybrew v. State, 576 S.W.2d 861, 862 (Tex. Crim. App. [Panel
Op.] 1979); Vance v. State, 970 S.W.2d 130, 133 (Tex. App.—Dallas 1998, no pet.).
      Camp cites Turk v. State as authority for the proposition that the punishment verdicts must
be reversed in the absence of an affirmative finding on the enhancement allegation. 867 S.W.2d
883 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d). In Turk, the State alleged two prior felony
convictions to enhance the defendant’s punishment to that of an habitual offender. Id. at 887-88
(citing Tex. Pen. Code Ann. § 12.42(d) (Vernon Supp. 2001)). Turk pleaded “true” to one of
these allegations and “not true” to the other. The prosecution offered no punishment evidence
because a fingerprint expert was unavailable. After a presentence investigation, a different judge
proceeded to pronounce Turk’s sentence. This second judge “assumed that the enhancement
allegations had been properly presented, and the prosecutor did not attempt to correct his
assumption.” The judgment recited that both enhancement allegations were found true. In a
“special hearing,” each judge who presided over Turk’s trial testified that he did not make a
finding of true on the enhancement allegations.
      Even though the punishment assessed (50 years) would fall within the habitual or enhanced
punishment ranges for Turk’s convictions, the court reversed for a new punishment hearing
because it could not “assume that the trial court automatically would assess another 50-year
punishment.”


 Id. at 888. We believe Turk is distinguishable however because the defendant in
that case pleaded “not true” to one of the enhancement allegations.
      Nonetheless, Camp is correct that the judgment does not recite a finding on the enhancement
allegation. Article 37.12 of the Code of Criminal Procedure requires the court to enter “the
proper judgment.” Tex. Code Crim. Proc. Ann. art. 37.12 (Vernon 1981); see also Rachuig
v. State, 972 S.W.2d 170, 179 (Tex. App.—Waco 1998, pet. ref’d). Such a judgment must
accurately reflect the court’s findings on any enhancement allegations. See Tex. Code Crim.
Proc. Ann. art. 42.01, § 1(7) (Vernon Supp. 2001); Rachuig, 972 S.W.2d at 179; State v.
Dickerson, 864 S.W.2d 761, 764 (Tex. App.—Houston [1st Dist.] 1993, no pet.).
      For this reason, we modify that portion of the court’s judgment which recites,
“ENHANCEMENT PARAGRAPH(S): One ,” to read, “FINDING ON ENHANCEMENT
PARAGRAPH(S): True .” This modification aside, Camp’s first issue is without merit.
      We affirm the judgment as modified.
 
                                                                         REX D. DAVIS
                                                                         Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed as modified
Opinion delivered and filed August 1, 2001
Do not publish