In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00118-CV

                                                ______________________________

 

 

 

             IN
RE:  MATTHEWS & ASSOCIATES AND
GEOFFREY C. SANSOM, P.C.

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                              Memorandum
Opinion by Justice Carter

                                                                              

                                                                              








                                                      MEMORANDUM OPINION

 

            Matthews &
Associates and Geoffrey C. Sansom, P.C., Relators in this case, have filed a motion seeking to
dismiss their petition for writ of mandamus. 
The motion is granted.  

            We dismiss the
petition for writ of mandamus.

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          November 28, 2011

Date Decided:             November 29, 2011

 






ew Roman', serif">            Error occurs when a jury charge fails to directly apply the law to the facts. Harris v. State,
522 S.W.2d 199, 202 (Tex. Crim. App. 1975). More specifically, when a jury charge fails to set out
the details and sequencing of prior convictions used for sentence enhancement in the application
paragraph of the charge, the charge is improper. Rice v. State, 746 S.W.2d 356, 360 (Tex.
App.—Fort Worth 1988, pet. ref'd);


 Morales v. State, 659 S.W.2d 867, 868 (Tex. App.—El Paso
1983, no pet.). Likewise, it is error to misstate the punishment range within which the jury must
assess punishment for a defendant. Stein v. State, 515 S.W.2d 104, 108 (Tex. Crim. App. 1974).
            Here, the jury was instructed to assess punishment for McNatt within the range of twenty-five
to ninety-nine years or life if it found McNatt had "been convicted of two prior felony convictions,
one having become final before the commission of the second offense," but the charge failed to
specify the prior felony convictions for which McNatt's sentence could be enhanced. The
punishment charge makes only general references to convictions that may be used for enhancement
purposes by simply referring to the indictment: the charge (1) states "the indictment alleges that the
defendant has previously been convicted of prior felony offenses" and (2) asks the jury to determine
whether McNatt was "the same person who was convicted of another offense listed in the
indictment." 
            There are a number of problems with that formulation of the charge. First, it does not
identify and sequence, in the charge, the convictions from which the jury may choose. Second, in
referring to convictions alleged in the indictment, it might very well mislead the jury into finding two
enhancing convictions from the two, nonsequenced, convictions alleged in Count II of the
indictment—which could count as only one enhancement conviction. Third, referring generally to
the indictment would allow the jury to include any of the eight offenses listed in Count I of the
indictment—the jurisdictional portion—without guidance on which of those are felonies, which of
them were used for jurisdictional purposes, and which one was the one the trial court had authorized
for use as an enhancement conviction—the one we have determined was not properly noticed.
            It logically follows from the charge's failure to specify enhancement convictions that the
charge also misstated the available punishment range. Even had the State properly notified McNatt
of its intent to further enhance his punishment beyond the twenty-year maximum punishment
supported by the indictment, this jury charge would have failed to apply the law to the facts since
it referred only generally to the indictment, which, standing alone, contained enhancement
allegations under which, effectively, McNatt could be sentenced only to between two and twenty
years.
            Having determined that the charge to the jury contained error, we would normally be required
to move on to the second step of our analysis. See Mann, 964 S.W.2d at 641; Abdnor, 871 S.W.2d
at 731–32. Here, since McNatt properly preserved error with respect to the complained-of error, we
would be required to determine whether the error caused McNatt some harm. See Almanza, 686
S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). But, since we have previously found
harmful error in the failure to give proper notice of the second enhancing conviction—and are,
therefore, reversing and remanding for a new punishment trial—we need not assess harm from this
jury charge error.
3. At a New Punishment Trial, the State is Limited to Enhancing McNatt's Sentence Using the One
Properly-Noticed Prior Conviction
            When we find error at the punishment stage of the trial, we may remand the case to the trial
court for the proper assessment of punishment. See Tex. Code Crim. Proc. Ann. art. 44.29(b)
(Vernon Supp. 2004–2005); Levy v. State, 818 S.W.2d 801, 803 (Tex. Crim. App. 1991). The
question remains whether, on remand, the State will be allowed to give new notice of additional
enhancement convictions or will be limited to enhancing McNatt's sentence using the one alleged
prior conviction set out in the indictment. We hold it is so limited.
            When a court of appeals reverses and remands a case to the trial court without instructions
to render a specific judgment, the effect is to restore the parties to the same situation as that in which
they were before the appeal. Musgrove v. State, 82 S.W.3d 34, 37 (Tex. App.—San Antonio 2002,
pet. ref'd).


 Before the appeal, the enhancement notice to McNatt was insufficient to enhance his
sentence beyond a maximum of twenty years' confinement. On remand, that limitation remains.
Conclusion
            We reverse the trial court's judgment as to punishment and remand the case to the trial court
for a new trial on punishment within the range of two to twenty years' confinement. Because the
other points of error are dispositive, we do not address McNatt's point of error concerning his motion
for continuance.
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          September 29, 2004
Date Decided:             November 17, 2004

Publish