**Affirmed and Opinion Filed October 19, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-15-00936-CR
No. 05-15-00937-CR

**FELIX SAM ROBERTS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F-1445364-H**

## MEMORANDUM OPINION

Before Justices Francis, Stoddart, and Schenck
Opinion by Justice Francis

A jury convicted Felix Sam Roberts of aggravated assault with a deadly weapon and unlawful possession of a firearm by a felon. After finding the enhancement paragraphs true, the jury set punishment at thirty-five and thirty years in prison. In a single point of error in each case, appellant contends reversible error occurred when the trial court failed to instruct the jury to find the offenses and convictions in the enhancement paragraphs sequential. We affirm the trial court's judgments.

The indictments in each case alleged two previous offenses for purposes of punishment enhancement. At the punishment phase, the State read the portions of the indictments describing the enhancement offenses to the jury and submitted as evidence the judgments for the convictions alleged in the indictments. The indictments specifically alleged, and the judgments

showed, that, in each case, appellant committed the second enhancement offense after being finally convicted of the first enhancement offense.

Appellant then testified about his previous convictions. After discussing the various allegations, the State asked, "So the paragraphs we're talking about, these enhancement paragraphs, you admitted that you did all of that, right?" Appellant responded "Yes, ma'am." Although appellant pleaded "not true" to the enhancement allegations, he admitted each specific enhancement allegation in his testimony.

The charge of the court in each case set out the enhancement allegations. The charge in the aggravated assault case read:

> Paragraph Two of the indictment alleges that prior to the commission of the aforesaid offense, the said defendant was convicted of the felony offense of driving while intoxicated/3rd on the 27th day of July, 2009, in Cause Number 401-82401/08 on the docket of the 401st District Court of Collin County, Texas under the name of Felix Sam Roberts, and said conviction was a final conviction and was a conviction for an offense committed by him, the said Felix Sam Roberts, prior to the commission of the offense herein before charged against him, as set forth in the first paragraph hereof . . . .

> It is further alleged the said defendant, Felix Sam Roberts was convicted of the felony offense of driving while intoxicated /3rd on the 8th day of April, 2005, in Cause Number F0534491, on the docket of the 292nd Judicial District Court of Dallas County, Texas under the name of Felix Sam Roberts, and said conviction was a final conviction and was a conviction for an offense committed by him, the said Felix Sam Roberts, prior to the commission of the offense.

The charge in the unlawful possession of a firearm by a felon case read:

> Paragraph Two of the indictment alleges that prior to the commission of the aforesaid offense, the said defendant was convicted of the felony offense of driving while intoxicated /3rd on the 8th day of April, 2005, in Cause Number F0534491, on the docket of the 292nd Judicial District Court of Dallas County, Texas under the name of Felix Sam Roberts, and said conviction was a final conviction and was a conviction for an offense committed by him, the said Felix Sam Roberts, prior to the commission of the offense herein before charged against him, as set forth in the first paragraph thereof. . . .

> It is further alleged the said defendant, Felix Sam Roberts was convicted of the felony offense of burglary of a vehicle on the 30th day of December, 1997, in Cause Number F9270224, on the docket of the Criminal District Court No. 1 of

Dallas County, Texas, under the name of Felix Sam Roberts, and said conviction was a conviction for an offense committed by him, the said Felix Sam Roberts, prior to the commission of the offense or offense. To this allegation the defendant has entered a plea of not true.

Although the prior convictions were listed in chronological order, the charges did not contain any language that the second enhancement offenses were committed after the convictions for the first enhancement offenses became final. Appellant lodged no objection to the charge, and the jury returned a verdict finding the paragraphs true and assessed an enhanced sentence.

A court's charge to the jury must correctly apply the law to the facts of the case. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). Under the penal code, except in circumstances not applicable here, if it is shown on the trial of a felony offense other than a state jail felony punishable under section 12.35(a) that the defendant has previously been finally convicted of two felonies, and the second previous felony conviction was for an offense that occurred after the first previous felony conviction became final, on conviction the defendant shall be punished by imprisonment for life, or for any term of not more than 99 years or less than 25 years. *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2016). Aggravated assault with a deadly weapon and unlawful possession of a firearm by a felony are second- and third-degree felonies, respectively. *See* TEX. PENAL CODE ANN. §§ 22.02 & 46.04 (West 2011).

Here, the previous judgments submitted by the State and appellant's own testimony provided prima facie evidence that appellant was finally convicted of two separate, sequential felony offenses prior to the offenses for which he was standing trial. Thus, the evidence supports enhanced punishment under section 12.42(d). Appellant agrees the State proved the enhancement allegations at trial, does not contest the evidence to support them, and complains only of the instructions given to the jury. He contends that because the court never specifically instructed the jury that it had to find the second previous felony offense was committed subsequent to the first previous felony conviction having become final, enhancement was

improper and remand for a new punishment hearing is required. In the unlawful possession of a firearm by a felon offense, he asserts the sentence is illegal. Based on the record before us, we cannot agree.

While the charges did not contain the language specifying that the "second felony conviction was for an offense that occurred subsequent to the first felony conviction having become final," the only evidence of previous convictions given to the jury was of offenses in which the second offense occurred after the conviction for the first offense became final. Furthermore, the charges instructed the jury to find the State's enhancement allegations true only if they found and believed that "prior to the commission of the offense [for which he was on trial] . . . the defendant has twice before been duly and legally convicted of a felony *as set and presented to you*." Thus, for the jury to find the allegations true, it necessarily had to find appellant previously committed two felony offenses, the second of which was committed after his conviction for the first offense became final, because only sequential previous offenses and convictions were presented for the jury's consideration.

Even if it was error to fail to include the language that appellant complains was omitted, he has made no attempt to demonstrate how he was harmed. Based on the record as a whole, we conclude appellant did not suffer egregious harm as a result of the instructions given. *See Rice v. State*, 746 S.W.2d 356, 361(Tex. App.—Fort Worth 1988, pet. ref'd); *Damian v. State*, 776 S.W.2d 659, 665 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd). We resolve these issues against him.

We affirm the trial court's judgments.

      /Molly Francis/
      MOLLY FRANCIS
      JUSTICE

Do Not Publish
TEX. R. APP. P. 47.1
150936F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FELIX SAM ROBERTS, Appellant

No. 05-15-00936-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F1445364-H.
Opinion delivered by Justice Francis.
Justices Stoddart and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 19, 2016.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

FELIX SAM ROBERTS, Appellant

No. 05-15-00937-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F1445368-H.
Opinion delivered by Justice Francis.
Justices Stoddart and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 19, 2016.