**Affirmed and Opinion Filed December 16, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00056-CR

**LONNIE BRYANT SOMERVILLE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F-1476272-I**

## MEMORANDUM OPINION

Before Justices Francis, Fillmore, and Stoddart
Opinion by Justice Francis

A jury convicted Lonnie Bryant Somerville of aggravated assault with a deadly weapon and assessed punishment, enhanced by two prior felony convictions, at seventy-two years in prison. In one issue, appellant contends the punishment charge failed to properly instruct the jury to find the enhancement paragraphs true only if the State proved sequential, final convictions. We affirm.

Appellant was indicted on a charge of aggravated assault with a deadly weapon after an October 2013 incident in which he beat a woman with a gun and shot her in each of her legs. The indictment also contained a punishment enhancement paragraph, alleging a 1996 felony conviction for robbery. Later, the State filed a Notice of Amended Enhancement Paragraphs, which included the 1996 robbery conviction and a 1986 conviction for aggravated assault. The

paragraphs alleged that the previous convictions became final prior to the commission of subsequent offenses.[1] The paragraphs also included the names of the prior offenses, the courts of record, the cause numbers, and the dates of conviction.

After the jury convicted appellant, the enhancement paragraphs were read to appellant in the presence of the jury. Appellant pleaded true to the first paragraph (the 1996 robbery) and not true to the second paragraph (the 1986 aggravated assault). To prove the enhancement allegations, the State offered a certified copy of appellant's penitentiary packet as well as certified copies of judgments and sentences and then connected appellant to the documents through fingerprint evidence. The documents included the 1996 robbery indictment, which alleged two prior felony convictions—the 1986 robbery and a 1992 conviction for possession of a controlled substance—and also alleged the 1986 robbery became final prior to the 1992 conviction. The judgment in the robbery case shows appellant pleaded true to both enhancement paragraphs. The evidence therefore established the convictions were sequential.

At the conclusion of the evidence, the trial court charged the jury on punishment. The abstract portion of the jury charge tracked the allegations of the notice and referred to the enhancement allegations as Paragraphs Two and Three; instructed the jury that appellant pleaded true to Paragraph Two and not true to Paragraph Three; and instructed the jury to find the allegations of Paragraph Two to be true. Although the relevant application paragraph did not incorporate the specific allegations contained in Paragraphs Two and Three, it provided as follows: "If you have found from the evidence beyond a reasonable doubt that the allegations in

---

[1] The notice alleged, in relevant part, the following:

Enhancement to Habitual Offender:

Enhancement Paragraph One: and it is further presented in and to said Court, that prior to the commission of the aforesaid offense set out above, the defendant was finally convicted of the felony offense of Robbery, in the 338th District Court of Harris County, Texas in Cause Number 712253, on the 11th day of April, 1996,

Enhancement Paragraph Two: and that prior to the commission of the aforesaid offense for which the defendant was convicted as set out above, the defendant was finally convicted of the felony offense of Aggravated Assault, in the 182nd District Court of Harris County, Texas, in Cause Number 437004 on the 14th day of July, 1986[.]

Paragraph Two of the indictment (as stated above) and the Paragraph Three of the indictment (as stated above) are both true, you will so state in your verdict and assess the punishment of the defendant at confinement in the Institutional Division of the Texas Department of Criminal Justice for life or for a term of not more than 99 years or less than 25 years." The jury, by its verdict form signed by the presiding juror, unanimously found that "all the allegations set out in Paragraph Two **and** Paragraph Three of the indictment **are true**" and assessed punishment at seventy-two years."

On appeal, appellant asserts the punishment charge was improper because the trial court "never instructed the jury that it had to find the second previous felony conviction was for an offense that occurred subsequent to the first previous felony conviction having become final." In his argument, he quotes the two abstract paragraphs containing the enhancement allegations and the relevant application paragraph from the charge and asserts "[t]his was improper." He then quotes three application paragraphs from the charge in *Rice v. State*, 746 S.W.2d 356 (Tex. App.—Fort Worth 1988, pet. ref'd) (op. on reh'g), and asserts the court "held this to be error," urges this Court to "follow suit," and asks us to reverse his sentence and remand for a new punishment hearing. He does not provide any analysis of *Rice* or the specific charge in this case, nor does he acknowledge that *Rice* found the error to be harmless. 746 S.W.2d at 361.

Despite the absence of any analysis of his issue, we have reviewed the charge as a whole and the opinion in *Rice* and conclude there is no error here. *See Damian v. State*, 776 S.W.2d 659, 665–66 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd) (concluding no error in charge where indictment specifically alleged previous convictions became final prior to commission of subsequent offenses, jury instruction directed jury to refer to enhancement paragraphs alleged in indictment, and enhancement paragraphs were read into record in presence of jury). Even assuming the charge was erroneous, however, appellant did not object so we may reverse only if

the error caused appellant egregious harm. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). Having reviewed the record, we conclude any error is harmless. We overrule the sole issue.

We affirm the trial court's judgment.


          /Molly Francis/
          MOLLY FRANCIS
          JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
160056F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LONNIE BRYANT SOMERVILLE,
Appellant

No. 05-16-00056-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 2, Dallas County, Texas
Trial Court Cause No. F-1476272-I.
Opinion delivered by Justice Francis;
Justices Fillmore and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered December 16, 2016.

–5–