**Ex parte Samuel Dwayne COLEMAN.**

**No. 59888.**

Court of Criminal Appeals of Texas, Panel No. 3.

Dec. 13, 1978.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III and Douglas M. O'Brien, Asst. Dist. Attys., Houston, for the State.

Before DOUGLAS, TOM G. DAVIS and VOLLERS, JJ.

OPINION

DOUGLAS, Judge.

This is a post-conviction habeas corpus proceeding under Article 11.07, V.A.C.C.P. Coleman, the applicant, contends that he should be granted relief because of an error

in the charge to the jury. On September 20, 1978, relief was denied by this Court. Because the same or similar contentions have been raised many times, leave to file the application for a writ of habeas corpus was granted.

The indictment charged that Coleman "while in the course of committing theft did . . . intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death by using and exhibiting a deadly weapon, namely, a pistol. . . ."

The court instructed the jury to find Coleman guilty if he "intentionally, knowingly or recklessly caused bodily injury or intentionally or knowingly threatened or placed the complainant in fear of imminent bodily injury or death; . . . and if you further find from the evidence beyond a reasonable doubt that in so doing the foregoing acts, if you do so find, that the defendant caused serious bodily injury to Harold Hobart [complainant] or the defendant used or exhibited a deadly weapon, to-wit, a pistol, then you will find defendant guilty as charged in the indictment."

Will an error in the instruction to find Coleman guilty, if he caused bodily injury to the complainant or threatened serious bodily injury violate due process because robbery by committing bodily injury was not alleged in the indictment? This was held to be reversible error on appeal in *Robinson v. State,* 553 S.W.2d 371 (Tex.Cr. App.1977).

There was no objection to this instruction in the present case. The first time the matter has been raised is in the application for writ of habeas corpus.

Was a constitutional right violated? In *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970), the Supreme Court of the United States held " . . . the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." The Supreme Court applied *Winship* to a collateral attack upon a state conviction concerning an instruction to the jury. The court held the test to be "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973). The court reaffirmed that rule in *Henderson v. Kibbe,* 431 U.S. 145, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977). Error in instructions to the jury rarely rise to a constitutional level. *Victory v. Bombard,* 570 F.2d 66, 69 (2nd Cir. 1978). We adopt the rule set out by the Supreme Court of the United States and which has been in substance previously followed by this Court.

In *Ex parte Gomez,* 389 S.W.2d 308, 310 (Tex.Cr.App.1965) cert. denied 386 U.S. 937, 87 S.Ct. 958, 17 L.Ed.2d 810 (1967), this Court wrote:

"The writ of habeas corpus cannot be utilized, after conviction, to point out alleged errors in a court's charge, as these are matters which should be urged on appeal . . . ."

There are several instances where this Court has held something fundamental error on appeal but not subjected to a collateral attack by habeas corpus. We have held that failure to allow appointed counsel 10 days in which to prepare for trial is reversible error in violation of Article 26.04, V.A.C.C.P., but such an error may not be the basis for a collateral attack by way of habeas corpus. *Ex parte Shields,* 550 S.W.2d 670 (Tex.Cr.App.1977); *Ex parte Meadows,* 418 S.W.2d 666 (Tex.Cr.App. 1967).

A collateral attack is not allowed because a sentence was pronounced untimely, *Ex parte Shields, supra,* when it has been considered under Art. 40.09, Sec. 13, V.A.C.C.P. *Conaway v. State,* 549 S.W.2d 181 (Tex.Cr. App.1977); *Means v. State,* 552 S.W.2d 166 (Tex.Cr.App.1977). The sufficiency of the evidence will be considered on appeal, but not in a habeas corpus proceeding. *Ex parte Sepulvada,* 172 Tex.Cr.R. 455, 358 S.W.2d 630 (1962); *Ex parte Wingfield,* 162 Tex.Cr.R. 112, 282 S.W.2d 219 (1955), cert. denied 350 U.S. 1002, 76 S.Ct. 553, 100 L.Ed. 866 (1956).

Where there has been no evidence upon which to base a conviction, a violation of due process has occurred and the conviction may be attacked collaterally in a habeas corpus proceeding.

We hold in the present case that no violation of due process has been shown.

The relief sought is denied.