**Ex Parte Isom CLARK, Appellant.**

**No. 62655.**

Court of Criminal Appeals of Texas, En Bank.

Nov. 28, 1979.

Rehearing Denied May 14, 1980.

Paul G. Johnson, Huntsville, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This applicant was convicted of burglary of a vehicle, and we affirmed in an unpublished opinion. In this application for habeas corpus relief he for the first time draws attention to the fact that the court's charge to the jury completely failed to apply the law to the facts. The charge contains only abstract statements of law.

The failure of the charge to apply the law to the facts is a fundamental error that is not waived by the failure to object at trial. *Perez v. State*, 537 S.W.2d 455 (Tex.Cr.App.1976); *Harris v. State*, 522 S.W.2d 199 (Tex.Cr.App.1975). But not every fundamental error may be raised for the first time in habeas corpus proceedings. *Ex parte Coleman*, 574 S.W.2d 164 (Tex.Cr. App.1978), *rehearing denied,* 599 S.W.2d 305 (1979). It was held in *Ex parte Coleman,* supra, that errors of less than constitutional dimension in the court's charge could not be

the basis of a collateral attack by way of habeas corpus. (The error in question was a jury charge that authorized conviction on more theories of robbery than were alleged in the indictment.)

The difference between *Ex parte Coleman,* supra, and this case is precisely the matter of constitutional dimension. We have held that the total failure of the court's charge to apply the law to the facts infringes two areas of the state and federal constitutions. First, it "goes to the very basis of the cases" and denies "the fair and impartial trial to which [defendants] are entitled under the federal and state Constitutions"; that is, under the due process provisions of the Fourteenth Amendment to the United States Constitution and the due course of law provision in Article 1, Section 19, of the Texas Constitution. *Harris v. State*, 522 S.W.2d 199, 202 (Tex.Cr.App. 1975). Second, the failure of the charge to apply the law to the facts "impairs the right to trial by jury and, therefore, by definition, is 'calculated to injure the rights of defendant,' [V.A.C.C.P., Article 36.19] to a trial by jury," which rights are guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10, of the Texas Constitution. *Williams v. State*, 547 S.W.2d 18, 20 (Tex.Cr.App.1977). Because these constitutional rights were violated by the trial court's total failure to apply the law to the facts in its charge to the jury, we hold that this error may be the basis of a habeas corpus attack, and that the conviction must be set aside.

Accordingly, the conviction in Cause F–76–2942 PN in the 195th Judicial District Court is set aside and the applicant is released from any restraint imposed by the judgment or sentence in that cause. By virtue of the indictment that is pending in that cause, the applicant is remanded to the custody of the Sheriff of Dallas County.

DOUGLAS, Judge, dissenting.

The majority grants relief on the ground that the trial court's instruction to the jury did not apply the law to the facts. This is

apparently the first time that the Court has so held.

This is not an appeal but a habeas corpus proceeding. Clark was convicted in 1976 for burglary of a motor vehicle. Two prior convictions were alleged for enhancement.

The evidence in the case at the guilt stage of the trial was given by two witnesses. Jack Martindale testified that he was a police officer for the City of Dallas. He was driving his marked squad car on the date alleged in the indictment when he saw a man frantically waving his hands. After talking with the man, he went to a car in the parking lot next to the Drury Building. He drove directly behind the car. He saw someone in the front seat of the car "peering over the top of the seat" through the rear window. After parking the squad car, Martindale walked to the driver's side of the other car and saw Clark lying in the front seat. He arrested Clark and saw that he had been lying on a citizens band radio and an FM converter. The wires on these instruments had been pulled from the car and were wrapped around the radio and converter. He placed handcuffs on Clark and placed him in the squad car.

Earl Westmoreland, the owner of the car, arrived and Martindale released the radio and converter to him and then took Clark to jail.

Westmoreland testified that he parked and locked his car in a lot next to the Drury Building and was gone about thirty minutes. When he returned he saw a police car parked near his car. He saw the officer examining a citizens band radio and an FM converter that had been taken from Westmoreland's car. He gave no one permission to enter his car. He did not look at the person who was in the squad car nearby.

The punishment was assessed at life. On November 23, 1977, this Court affirmed the conviction in a per curiam opinion. In that appeal Clark did not complain of the court's charge. There was no objection to the charge during the trial. There was a request for a charge on circumstantial evidence.

The charge of the trial court, omitting some formal parts, definitions and admonitory instructions, is as follows:

"MEMBERS OF THE JURY:

"The defendant, Isom Clark, Jr., stands charged by indictment with the offense of burglary, alleged to have been committed in the County of Dallas and State of Texas on or about the 31st day of March, 1976.

"To this charge the defendant has entered a plea of not guilty.

"Our law provides that a person commits the offense of burglary of a vehicle if, without the effective consent of the owner he breaks into or enters a vehicle or any part of a vehicle with intent to commit theft.

"By the term 'enter' as used herein is meant to intrude any part of the body or any physical object connected with the body.

"'Consent' means assent in fact, whether express or apparent and includes consent by a person legally authorized to act for the owner.

"'Vehicle' includes any device in, on, or by which any person or property is or may be propelled, moved, or drawn in the normal course of commerce or transportation.

"'Theft' is the unlawful appropriation of property without the owner's effective consent and with the intent to deprive the owner of the property. 'Appropriate' means to acquire or otherwise exercise control over property other than real property.

"The indictment in this case having charged that the entry, if any, was made with intent to commit the crime of theft, before you would be warranted in finding the defendant guilty, you must be satisfied from the evidence beyond a reasonable doubt that the entry, if any, was so made with the intent to commit the crime of theft.

"The indictment in this case having alleged that the offense, if any, was committed intentionally and knowingly, you are instructed that our law defines 'intentionally' and 'knowingly' as follows:

" * * *

"You will make no finding in your verdict except to show whether the defendant is guilty, beyond a reasonable doubt, or not guilty, as you may find and determine from the law and evidence in this case."

The verdict of the jury is as follows:

"We, the jury, find the defendant, Isom Clark, Jr., guilty of burglary of a vehicle, as charged in the indictment.

/s/ James P. Hanus
FOREMAN"

The indictment, omitting the formal parts, alleges:

". . . ISOM CLARK, JR., hereinafter styled Defendant, on or about the 31st day of March in the year of our Lord One Thousand Nine Hundred and 76 in the County and State aforesaid, did unlawfully, knowingly and intentionally break into and enter a vehicle, without the effective consent of Earl E. Westmoreland, the owner thereof, with intent to commit theft."

Reading the verdict and the charge together, there can be no doubt that the jury was not misled and that Clark was not harmed.

The first paragraph of the court's charge informs the jury that Clark stood charged by indictment with the offense of burglary of a vehicle in Dallas County on or about March 31, 1976.

After the definitions, the charge instructed the jury that it had to "be satisfied from the evidence beyond a reasonable doubt that the entry if any was so made with intent to commit the crime of theft."

We should hold that under the facts proved in this case the charge given by the court was sufficient to inform the jury of the facts necessary to convict Clark for the burglary of the car belonging to Westmoreland. No deprivation of any constitutional right has been shown. This matter should not be reached by way of habeas corpus. The question of the sufficiency of the charge if a proper objection had been made at the trial and raised on appeal would present a different question, but it is not necessary to pass upon it in this case.

The relief should be denied.

TOM G. DAVIS, DALLY and W. C. DAVIS, JJ., join in this dissent.