2 26-15

NO. 24.202-C

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 27 2015

Abel Acosta, Clerk

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

ROBERT EMMANUEL DIGMAN,
Appellant Petitioner

VS.

THE STATE OF TEXAS,
Appellee/Respondent·

FILED IN
COURT OF CRIMINAL APPEALS

FEB 27 2015

Abel Acosta, Clerk

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

In Appeal No. 07-14-00428-CR
From the
Court of Appeals
For the Seventh Judicial
District of Texas

Robert Digman
1536 I H-10 East
Fort Stockton TX 79735

i

# TABLE OF CONTENTS

INDEX OF AUTHORITIES------------------------------------------------------

STATEMENT REGARDING ORAL ARGUMENT-------------------------2

STATEMENT OF THE CASE------------------------------------------------3

STATEMENT OF PROCEDURAL HISTORY-------------------------------3

GROUNDS FOR REVIEW-------------------------------------------------------4

### GROUND FOR REVIEW NO. ONE

The Court of Appeals erred in holding the evidence was sufficient

### GROUND FOR REVIEW NO. TWO

Judicial misconduct, misuse of judicial powers

### GROUND FOR REVIEW NO. THREE

The Prosecuting Attorneys instructions at the opening statement of my trial affected my entire trial.

ARGUMENT NUMBER ONE------------------------------------------------------5

ARGUMENT NUMBER TWO------------------------------------------------------6

ARGUMENT NUMBER THREE----------------------------------------------------7

PRAYER FOR RELIEF-----------------------------------------------------------8

CERTIFICATE OF SERVICE----------------------------------------------------9

APPENDIX (OPINION)

# INDEX OF AUTHORITIES

Andrean V Sec-US Army, 840 F-Supp. 1414 (D.kan 1993)

Brady V Maryland 373. VS 83 (1963)

Casey V State 215 SW 3d 870

Casio V State 318 SW 3d

Digman V State attached

Exporte Clark 597 SW 2d 760
appeal (1979)

Fitzgerald V Estelle 505 f 2d 1334,1336 (5 year 1975)

Henderson V Kibbe, 431 us 145, 97 S, LT 1730 (1977)

Hernanadez V State 952 SW 2d 59 (review granted)

Holmes V Morales 924 SW 2d 920

In Re D.L.M. 982 SW 2d 146

Kelly V State 676 SW 2d 104

Wright V Smith 569 F 2d 188 (2nd cir 1978)

**NO.** 24 202-C

**IN THE**
**COURT OF CRIMINAL APPEALS**
**OF TEXAS**

Robert Emmanuel Digman
**Appellant/ Petitioner**

**VS.**

**THE STATE OF TEXAS**
**Appellee/Respondent**

## APPELLANT'S PETITION FOR DISCRESTIONARY REVIEW

TO THE COURT OF CRIMUNAL APPEALS OF TEXAS:

Appellant/Petitioner respectfully submits this petition for Discretionary Review and moves that this Honorable Court grant review for this cause and offers the following in support thereof:

## STATEMENT REGARDING ORAL ARGUMENT

The Appellant Petitioner requests oral argument in this case because such Argument may assist the Court in applying the facts to the issues raised. It is Suggested that oral argument may help simplify the facts and clarify the issues.

2

## STATEMENT OF THE CASE

I am accused for making my step daughter slide down a water slide for my own sexual gratification and to see her genitals or anus.

## STATEMENT OF PROCEDURAL HISTORY

In Cause No. 24 202-C the Appellant/Petitioner was convicted of such offense of Indecency by exposure of a child. The Appellant/Petitioner was convicted of such offense on April 16, 2013 and appealed the conviction on December 23, 2014 , the 7th Court of Appeals affirmed the conviction. A motion for rehearing was filed. On January 28, 2015. Motion was overruled on Feburary 2015. This petition for discretionary Review was timely sent to the Criminal Court of Appeals.

## GROUNDS FOR REVIEW

### I

The seventh District Court of Appeals Erred in holding that the evidence was sufficient in court I of cause NO. 24 202-C to award a new trial.

### II

Misuse of judicial power, Judicial misconduct of the Trial Judge, Prosecuting Attorney and Defense Attorney. My trial ended in constitutional error, a full Acquittal should have been entered after the jury returned.

### III

The instructions by the District Attorney in voir dire statement was incorrect as a matter of law.

4

## ARGUMENT NUMBER ONE

There is no evidence to support count one. Sq Townsend failed to ask where and how the slide was set up and where I was. The district attorney asked her if I let her slide. No one ever asked if I tried to look at her. The district attorney accused me of exposure but prosecuted me for letting her slide down the slide. The district attorney mislead the jury from her opening statement to her closing statement.

There is no evidence to support this charge the district attorney used RR, 4, 5, 123 A lot of hearsay but no facts to back it up. I was convicted on the nature of the case not facts. The Texas law reads that a female's genitals or anus is not exposed until she spreads her legs, squats or bends over. Casey V State – misleading the jury.

Cosio V State all 4 counts reversed because of egregiously harmed because the district attorneys instructions on unanimity.

Digman V State was proven egregious harm occurred in this cause # 24 202-C and I did not receive a fair trial, evidence was with held, which was, a statement saying Vickie was coaching Whitney as to what to say on the stand, Whitney said it sounds cool to slide. The state failed to prove its case Brady V Maryland.

5

## ARGUMENT NUMBER TWO

Judicial power embraces power to hear facts to decide issues of facts made by pleadings to decide questions of law involved. To render and enter judgment of facts in accordance with law as determined by the court and to execute judgment of sentence. The constitution assures an accused the right to effective assistance of counsel and my 14 amendment of due process in Fitzgerald V Estelle the fifth circuit noted that breach of legal duty. The court concluded that "state action" could non-the less be found where it is demonstrated.

My attorney and the judge is supposed to know and uphold the laws to assure I receive a fair and just trial by an impartial jury of my sixth amendment jury panel must remain impartial.

Irving V Dawd, the district attorney mislead the jury, the judge and/or my attorney is supposed to fix the mistake. When the jury returned the judge should have set aside the entire cause # 24 202-C and entered a judgment of full acquittal. He did not, nor did he give the jury proper instructions. The district attorney, my attorney and the trial judge failed in their duty to protect the 14th amendment of due process and to accord justice to the accused in the incompetency of the trial judge, district attorney and my attorney was obvious that a reasonable state official should have been aware of it and could have taken corrective actions BUT did not. Resulting in my trial ending with constitutional error and egregious harm as pointed out in Digman V State, the district attorney Amy Rhodes has a friend in the RR 3, 1, 26 jury panel Juror # 3 James Gibbs, she

6

pointed it out in the jury selection footnote. Did the 251st still have jurisdiction over me after my 14th amendment was violated?

## ARGUMENT NUMBER THREE

See West Law Texas jurisprudence, third edition, judgments sec 335 void judgments. Invalidity can be pointed out by anyone at anytime in any court. Corpus Jurissecundum judgment-754 void judgment footnote # 5 Anderan V Sec-US Army, 840 F supp 1414 (D.kan 1993). Judgment is void when due process is violated.

Henderson V Kibbe

A petitioner to be entitles to relief on erroneous jury instructions must demonstrate that the instructors infected the entire trial resulting in conviction and violation of due process.

Wright V Smith Exporte Clarke

The instructions that was given to the jury in opening statement and was not corrected. I believe it infected my entire trial with breach of legal duty and egregious harm caused before the trial ever began. The court of appeals said it only infected half my trial. An jury member could have thought, "all I have to do is believe so I don't have to listen to the whole trial."

7

## PRAYER FOR RELIEF

In cause #24 202-C my trial ended in constitutional error, I respectfully ask the court to put the cause back into one appeal number. I cannot understand how only half a trial was infected for the reasons stated above, It is respectfully submitted that the court of criminal appeals should grant this petition for discretionary review.

Respectfully submitted

Robert Digman
1536 I H-10 East
Fort Stockton TX 79735

VERIFICATION

I declare (or certify, verify, or state) under penalty of perjury that the foregoing Appellant's Petition For Discretionary Review is true and correct. Executed this 24TH day of February 2015

Robert Emmanuel Digman, Petitioner Pro Se

## CERTIFICATE OF SERVICE

The undersigned Appellant/Petitioner herby certifies that a true and correct copy

of the foregoing Petition for Discretionary Review has been mailed; US mail,

postage prepaid, to the Office of the Criminal District Attorney for Randall County

at 2309 Russell Long Blvd Suite 120  Canyon Texas  79015, and to the State

Prosecuting Attorney, P.O. Box 12405, Austin Texas  78711, on this the

___24___ day of _February_, 2015

_____
APPELLANT/PETITIONER



# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-13-00114-CR, 07-14-00428-CR

ROBERT EMMANUEL DIGMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 24,202-C, Honorable Ana Estevez, Presiding

December 23, 2014

## OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

A jury convicted appellant Robert Emmanuel Digman of two counts of indecency with a child by exposure[1] and assessed punishment on each count at five years' confinement in prison with a fine of $2,500. The court ordered the sentences served consecutively. Two judgments were signed, one for each count.[2] On appeal appellant

---

[1] TEX. PENAL CODE ANN. § 21.11(a)(2)(A),(B) (West 2011).

[2] By *sua sponte* order below, we have severed the appeal into two cause numbers, one for each of the trial court's judgments.

challenges the judgment under Count Two[3] which bears appellate Cause No. 07-13-00114-CR. Appellant does not challenge the judgment under Count One which bears appellate Cause No. 07-14-00428-CR. In its appellee's brief, as for the judgment challenged in Cause No. 07-13-00114-CR, the State concedes charge error caused appellant egregious harm. We agree, and will reverse the trial court's judgment appealed in Cause No. 07-13-00114-CR and remand that case for a new trial. We will affirm the trial court's judgment in Cause No. 07-14-00428-CR.

## Background

A two-count indictment charged appellant with indecency with a child by exposure. Count one alleged appellant, while acting with intent to gratify his sexual desire, intentionally and knowingly caused W.C., a child younger than age seventeen, to expose her genitals.

Our concern here is Count Two which alleged:

[O]n or about the 1st day of May, A.D. 2010, in said County and State, and anterior to the presentment of this indictment, that ROBERT EMMANUEL DIGMAN
PARAGRAPH A
did then and there with intent to arouse and gratify the sexual desire of ROBERT EMMANUEL DIGMAN, intentionally and knowingly cause [C.D.], a child younger than 17 years of age, to expose his genitals,
PARAGRAPH B

---

[3] Appellant's initial court-appointed appellate counsel filed a motion to withdraw from the representation supported by a brief under *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After reviewing the record we found an arguable ground for appeal, granted the motion to withdraw, and abated and remanded the case for appointment of new appellate counsel. *Digman v. State*, No. 07-13-00114-CR, 2014 Tex. App. LEXIS 5830 (Tex. App.—Amarillo May 29, 2014) (per curiam order, not designated for publication). Following reinstatement of the appeal, new appellate counsel filed a merits brief urging the issue now before us.

did then and there with intent to arouse and gratify the sexual desire of ROBERT EMMANUEL DIGMAN, intentionally and knowingly expose his genitals, knowing that [C.D.], a child younger than 17 years of age, was present[.]

During voir dire the prosecutor told members of the jury panel:

Indictments with multiple paragraphs. If an indictment contains multiple paragraphs, that means jury unanimity is not required as to the paragraphs.

That means that out of twelve of the jurors, three could believe that a defendant exposed his genitals to gratify his sexual desire, and the rest of the jurors—the other nine—could believe that a defendant exposed the child's genitals to arouse or gratify the defendant's sexual desire. But you could still find him guilty of indecency with a child by exposure. . . .

Six could believe the red part, six could believe the green part. Three could believe the red, nine could believe the green. . . . As long as you believe it beyond a reasonable doubt.[4]

In the jury charge, a single application paragraph pertaining to Count Two of the indictment disjunctively submitted the questions whether appellant caused exposure of C.D.'s genitals and whether appellant exposed his genitals to C.D. Appellant did not object to the submission, which read as follows:

Now bearing in mind the foregoing instructions, if you unanimously believe from the evidence beyond a reasonable doubt, that the defendant, ROBERT EMMANUEL DIGMAN, on or about the 1st day of May, 2010, in the County of Randall, and State of Texas, as alleged in Count II of the indictment, did then and there, with intent to arouse or gratify the sexual desire of ROBERT EMMANUEL DIGMAN, intentionally or knowingly cause [C.D.], a child younger than 17 years of age, to expose his genitals **or** did then and there with intent to arouse or gratify the sexual desire of ROBERT EMMANUEL DIGMAN, intentionally or knowingly expose his genitals, knowing that [C.D.], a child younger than 17 years of age, was

---

[4] The prosecutor explained that, on an exhibit, she had highlighted one paragraph in green, the other in red.

3

present, you will find the defendant guilty of the offense of Indecency With A Child By Exposure, as alleged in Count II of the indictment, and so say by your verdict. If you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant of Count II and so say by your verdict.

(Bolding and underlining in original).

The attached verdict form for Count Two asked the jury merely to find appellant guilty, or not, "of the offense of Indecency With A Child by Exposure as alleged in Count II of the indictment."

In closing argument, the prosecutor told the jury:

Now remember, six of you can decide [appellant] exposed his own genitals for his sexual gratification, or six of you could decide he exposed [C.D.'s] genitals for his gratification, as long as each one of you believes beyond a reasonable doubt that that happened. You all do not have to agree on whose genitals were exposed for [appellant's] gratification as long as you believe it beyond a reasonable doubt.

The jury found appellant guilty of the offenses alleged under both counts of the indictment and the court imposed the noted sentences.

Analysis

Through a single issue appellant argues the jury charge was flawed in that it permitted conviction under Count Two of the indictment without requiring jury unanimity and the error, although then unchallenged, caused him egregious harm.

When reviewing claims of jury-charge error, we first determine whether an error actually exists in the charge. *Barrios v. State,* 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). If error exists and appellant objected to the error at trial, then we determine whether the error caused sufficient harm to require reversal. *Id.; Almanza v. State,* 686

4

S.W.2d 157, 171 (Tex. Crim. App. 1985); *see Ngo v. State,* 175 S.W.3d 738, 743-44 (Tex. Crim. App. 2005). When, as here, the error was not brought to the attention of the trial court, we will not reverse for jury-charge error unless the record shows egregious harm. *Barrios,* 283 S.W.3d at 350.

In making our determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza,* 686 S.W.2d at 171; *see Garrett v. State,* 159 S.W.3d 717, 719-21 (Tex. App.—Fort Worth 2005), *aff'd,* 220 S.W.3d 926 (Tex. Crim. App. 2007). Jury charge error causes egregious harm to the defendant if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Almanza,* 686 S.W.2d at 171. In analyzing harm from a jury charge error, neither the State nor the defense has a burden to show harm. *Warner v. State,* 245 S.W.3d 458, 462, 464 (Tex. Crim. App. 2008).

"Under our state constitution, jury unanimity is required in felony cases, and, under our state statutes, unanimity is required in all criminal cases." *Ngo,* 175 S.W.3d at 745. The jurors "must agree that the defendant committed one specific crime." *Landrian v. State,* 268 S.W.3d 532, 535 (Tex. Crim. App. 2008); *see Pizzo v. State,* 235 S.W.3d 711, 714 (Tex. Crim. App. 2007) (jury unanimity required on essential elements of offense). The jury unanimity requirement, however, does not extend to require agreement among jurors on the specific way in which the defendant committed the crime. *Id.* Recognizing that defining crimes is a legislative function, when courts decide what elements and facts require unanimous agreement for conviction, we "implement

the legislative intent behind the penal provision." *Id.* In cases like that before us, the task requires the court to examine the statute defining the offense to determine whether by its enactment the Legislature defined separate offenses or a single offense with different methods or means of commission. *Pizzo,* 235 S.W.3d at 714; *see Huffman v. State,* 267 S.W.3d 902 (Tex. Crim. App. 2008) (noting similarity of analysis in jury unanimity and double jeopardy cases); *Vick v. State,* 991 S.W.2d 830, 832 (Tex. Crim. App. 1999) (analysis of legislative intent in double jeopardy context).

In relevant part, the indecency with a child statute reads:

(a)  A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex, the person:

(1)  engages in sexual contact with the child or causes the child to engage in sexual contact; or

(2)  with intent to arouse or gratify the sexual desire of any person:

(A)  exposes the person's anus or any part of the person's genitals, knowing the child is present; or

(B)  causes the child to expose the child's anus or any part of the child's genitals.

TEX. PENAL CODE ANN. § 21.11(a) (West 2011).

The single application paragraph and verdict form for Count Two permitted the jury to find appellant guilty of indecency with a child if jurors determined appellant exposed his genitals, knowing the child C.D. was present, or determined appellant caused C.D. to expose his genitals. The jury was not required to reach unanimity as to which provision of the statute, § 21.11(a)(2)(A) or § 21.11(a)(2)(B), appellant violated.

6

So the question is whether those two subsections define two separate offenses or two means of committing the same offense.

Our Court of Criminal Appeals has addressed the same question with respect to other subsections of the indecency with a child statute. The court recently reiterated its holding that, by criminalizing indecency with a child by exposure in one subsection of section 21.11(a) and indecency by contact in another subsection, the Legislature created two separate offenses, not two means of committing indecency. *Aekins v. State,* No. PD-1712-13 2014, Tex. Crim. App. LEXIS 1718, at *18 (Tex. Crim. App. Oct. 22, 2014) (citing *Loving v. State,* 401 S.W.3d 642, 646-49 (Tex. Crim. App. 2013)); *see Huffman,* 267 S.W.3d at 907 (sex offenses are nature of conduct crimes and the court has "uniformly required that different types of conduct specified in the various statutes be treated as separate offenses").

*Pizzo,* 235 S.W.3d 711, involved an indecency-by-contact prosecution in which the defendant complained he was denied the right to a unanimous jury verdict because the indictment alleged he touched the child's breasts and genitals but the jury charge authorized conviction on a finding he touched the child's breasts or genitals. *Id.* at 712. The court of appeals held the touching of breasts and genitals, during the same encounter, were not separate offenses but only different means of committing indecency with a child by contact. *Id.* at 713. The Court of Criminal Appeals disagreed.

Guided by its analysis of the grammatical structure[5] of the statute, the court found the focus of the statute's language was the nature of the conduct proscribed, and concluded under section 21.11(a)(1) and (c) "if a person touches the anus, breasts, and genitals of a child with the requisite intent during the same transaction, the person is criminally responsible for three separate offenses." *Pizzo*, 235 S.W.3d at 717-18; *see* *Loving*, 401 S.W.3d at 648-49; *Huffman*, 267 S.W.3d at 907 (both summarizing court's holding in *Pizzo*).[6]

Application of the court's analysis in *Pizzo* leads directly to the conclusion the two subsections of section 21.11 involved here, subsections (a)(2)(A) and (a)(2)(B), define two separate indecency by exposure offenses, not merely two methods of committing the same offense. We note first that the two subsections are separated by the conjunction "or," indicating that each subsection describes a distinct act, and that an offense is complete when a person commits either act with the required intent. *See* *Pizzo*, 235 S.W.3d at 717-18 (citing and quoting *Vick*, 991 S.W.2d at 833, for similar conclusion). And, although the two subsections begin with the same subject ("the person") and require the same intent ("intent to arouse or gratify the sexual desire of any person"), they contain different verbs (the person "exposes" vs. the person

___

[5] *See* *Stuhler v. State,* 218 S.W.3d 706, 718 (Tex. Crim. App. 2007) (citing *Jefferson v. State,* 189 S.W.3d 305, 315-6 (Tex. Crim. App. 2006) (Cochran, J., concurring)).

[6] In *Loving*, describing its holding in *Pizzo*, the court said: "After examining the grammar of the statute, we held that indecency with a child by contact is a conduct-oriented offense and that, 'sexual contact' as charged in that case, 'criminalizes three separate types of conduct—touching the anus, touching the breast, and touching the genitals with the requisite mental state.' We concluded that, because the subsection prohibits the commission of any one of those acts, each act is a separate offense, and the allowable unit of prosecution for indecency with a child by contact is the commission of the prohibited touching." *Loving*, 401 S.W.3d at 648 (internal citations omitted).

8

"causes") and are completed by different direct objects (the person's anus or any part of genitals vs. the child to expose his anus or any part of genitals).[7] They thus describe two similar but elementally different types of conduct, criminalizing exposure, under particular circumstances and with a particular mental state,[8] of the anus or genitals of different individuals.[9] As the court noted in *Loving*, "The gravamen of the indecency-with-a-child statute is the nature of the prohibited conduct, regardless of whether the accused is charged with contact or exposure." *Loving*, 401 S.W.3d at 649. The conclusion is consistent also with the double-jeopardy analysis in *Harris v. State*, 359 S.W.3d 625 (Tex. Crim. App. 2011), in which the court determined the allowable unit of prosecution for indecency with a child by exposure is "the act of exposure." *Id.* at 632 ("the gravamen of the offense of indecency with a child by exposure is the act of exposure").

The charge's application paragraph improperly permitted jurors to convict appellant of either of two separate offenses without requiring them to be unanimous as to the offense committed. Some jurors may have believed that appellant exposed his genitals for sexual gratification while some might have concluded he caused C.D. to expose his genitals for appellant's gratification. This was error.

---

[7] We think the clause "the child to expose the child's anus or any part of the child's genitals" is best described as an infinitive clause used as a direct object.

[8] Under either subsection, the child must be under the age of 17 and the person must act with intent to arouse or gratify the sexual desire of any person. TEX. PENAL CODE ANN. § 21.11(a), (a)(2) (West 2011).

[9] *Cf. Loving*, 401 S.W.3d at 651 (Cochran, J., concurring) (describing, in double-jeopardy analysis, defendant's act of causing girl to touch his penis as separate criminal act from his act of exposing himself because, *inter alia*, they were acts "committed by separate individuals").

9

We turn then to the question whether the record adequately demonstrates resulting egregious harm. *Almanza*, 686 S.W.2d at 171. The evidence in this case showed appellant and C.D. were in the bathtub together. The prosecutor's unchallenged voir dire statements and closing argument surely left no doubt in the minds of the jurors that conviction on Count Two was possible even without their unanimity on the offense committed by appellant's conduct.[10] We conclude the charge error deprived appellant of the valuable right to a unanimous verdict. The harm was egregious. *Id*.

Accordingly, we sustain appellant's issue.

### Order of Severance

As noted, trial of the case resulted in two separate trial court judgments. We *sua sponte* sever the appeal into separate cause numbers, one for each judgment. Thus, the appeal of the judgment entered as to Count One bears appellate Cause No. 07-14-00428-CR, while the appeal of the judgment entered as to Count Two bears appellate Cause No. 07-13-00114-CR.

### Conclusion

We reverse the judgment of the trial court appealed in Cause No. 07-13-00114-CR (Count Two) and remand that portion of the case for a new trial. *See* TEX. R. APP.

---

[10] In *Jourdan v. State*, 428 S.W.3d 86 (Tex. Crim. App. 2014), an aggravated sexual assault case, the court found, on the particular facts presented, the trial court's failure to require jury unanimity did not cause the defendant egregious harm despite statements during voir dire and argument similar to those present here. *Id*. at 98-99. Review of the record in this case convinces us that the potential for a non-unanimous verdict on Count Two is greater than in *Jourdan*.

P. 43.2(d).  We affirm the judgment of the trial court in Cause No. 07-14-00428-CR (Count One).  *See* TEX. R. APP. P. 43.2(a).


James T. Campbell
Justice


Publish.

No. 07-14-00428-CR

| | | |
|---|---|---|
| Robert Emmanuel Digman<br>Appellant | § | From the 251st District Court of<br>Randall County |
| | § | |
| v. | | December 23, 2014 |
| | § | |
| The State of Texas<br>Appellee | § | Opinion by Justice Campbell |
| | § | |

## **J U D G M E N T**

Pursuant to the opinion of the Court dated December 23, 2014, it is ordered, adjudged and decreed that the judgment of the trial court be affirmed.

Inasmuch as this is an appeal *in forma pauperis*, no costs beyond those that have been paid are adjudged.

It is further ordered that this decision be certified below for observance.

o O o